**THE WESTON FIRM**
GREGORY S. WESTON (239944)
JACK FITZGERALD (257370)
888 Turquoise Street
San Diego, CA 92109
Telephone:  858 488 1672
Facsimile:  480 247 4553
greg@westonfirm.com
jack@westonfirm.com

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (175650)
3636 4th Avenue, Suite 202
San Diego, CA 92103
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665
ron.marron@gmail.com

Counsel for Plaintiff and the Proposed Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| KELLEY BRUNO on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ECKHART CORP., QUTEN RESEARCH INSTITUTE, LLC, TISHCON CORP., <br><br> Defendants. | Case No. SACV 11-00173 DOC (Ex) <br><br> CLASS ACTION <br> **COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S:** <br><br> **UNFAIR COMPETITION LAW;** <br><br> **FALSE ADVERTISING LAW; AND** <br><br> **CONSUMER LEGAL REMEDIES ACT;** <br><br> **BREACH OF EXPRESS WARRANTY** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Kelley Bruno, on behalf of herself, all others similarly situated, and the general public, by and through undersigned counsel, hereby sues Defendants Eckhart Corporation, QuTen Research Institute, LLC, and Tishcon Corporation ("Defendants") and, upon information and belief and investigation of counsel, alleges as follows:

## INTRODUCTION

1.     Defendants falsely market their dietary supplements Qunol Liquid CoQ10 and Qunol Ultra CoQ10 (collectively "Qunol CoQ10") as being, respectively, six times and three times more effective than other Q10 formulations despite no scientific evidence substantiating such claims. On that basis Defendants further deceptively claim Qunol presents a "Best Value!"

2.     Relying on such claims, Plaintiff purchased for Qunol CoQ10 during the Class Period defined herein, and was damaged as a result.

3.     Plaintiff brings this action challenging Defendant's claims relating to Qunol CoQ10 on behalf of herself and all others similarly situated, under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, and Breach of Express Warranty.

4.     Plaintiff seeks an order compelling Defendants to (1) cease marketing CoQ10 using the misleading tactics complained of herein, (2) conduct a corrective advertising campaign, (3) restore the amounts by which Defendants has been unjustly enriched, and (4) destroy all misleading and deceptive materials.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction under 28 U.S.C. §1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and more than two-thirds of the members of the Class reside in states other than the state of which Defendants are a

1  citizen.

2      6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because

3  Plaintiff suffered injuries as a result of Defendants' acts in this District, many of

4  the acts and transactions giving rise to this action occurred in this District, and

5  Defendants (1) are authorized to conduct business in this District and have

6  intentionally availed themselves of the laws and markets of this District through

7  the promotion, marketing, distribution, and sale of its product in this District; (2)

8  reside in this District; and (3) are subject to personal jurisdiction in this District.

9

10      **PARTIES**

11      7.    Defendant Tishcon Corp. is a Maryland corporation with its principal

12  place of business in Westbury, New York, and is the manufacturer of Qunol

13  CoQ10.

14      8.    Defendant QuTen Research Institute, LLC, is a California corporation

15  with its principal place of business in Novato, California, and is the producer of

16  Qunol CoQ10.

17      9.    Defendant QuTen Research Institute, LLC, is a subsidiary of the

18  Eckhart Corporation, a California corporation with its principal of business in

19  Novato, California.

20      10.    Plaintiff Kelley Bruno is a resident of California and purchased Qunol

21  CoQ10 for her own and household use and not for resale in California during the

22  Class Period defined herein.

23

24      **FACTUAL ALLEGATIONS**

25      11.    Within the past year Plaintiff purchased Qunol CoQ10 from the

26  Costco grocery store located at 27972 Cabot Road, Laguna Niguel, CA.

27      12.    Throughout the Class Period, Defendants have used various methods

28  to represent the purported medicinal, healthful, and/or beneficial qualities of Qunol

CoQ10.   Such representations and claims, however, are unsubstantiated by scientific evidence.

13.    Absent the misstatements and fraudulent claims described herein, Plaintiff would not have purchased Qunol CoQ10.

**The Composition of Qunol CoQ10**

14.    Coenzyme Q10 is a naturally occurring, vitamin-like substance that is found in cell mitochondria and is a major factor in energy production.

15.    The coenzyme is found in sufficient amounts in diets containing a normal amount of meat and other proteins; however, it is often taken as a dietary supplement by those with certain disorders and those looking to take advantage of its antioxidant and numerous other beneficial properties.

16.    Defendants' product Qunol CoQ10 consists of a liquid formulation of the coenzyme that is purported to have several advantages over other competing versions of this dietary supplement.

17.    The natural bioavailability of coenzyme Q10 is limited because it is, by its nature, not easily solubilized in water. Since the coenzyme is fat-soluble, many companies recommend taking the dietary supplement with food.

18.    Qunol CoQ10 is a formulation with increased water-solubility; and Defendants market their product as having three or six times the absorption rate of comparable brands.

19.    However, there is no scientific evidence substantiating such claims.

//
//
//
//
//
//

3

1

**Specific Misrepresentations and Deceptive Actsz**

2

**"Qunol Liquid CoQ10" Front Label:**



3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

20. **Misleading Comparison Graphic**: Defendants advertise Qunol Liquid CoQ10 with a graphic equating one 100 mg dose of Qunol CoQ10 to six 100 mg capsules of "Regular CoQ10."

21. Such a comparison is unfounded and based on a misinterpretation of studies which have shown other liquid-soluble formulations of coenzyme Q10 to have more than three times the bioavailability than older crystalline formulations of the coenzyme.[1]

22. Such results are atypical because these studies rely upon fasting conditions for the subjects and an experimental control group administered crystalline coenzyme Q10. The crystalline coenzyme, once common, is no longer sold in many stores and as such the comparison is misleading. Comparable or "regular" brands of CoQ10 are almost always manufactured and sold in a more bioavailable form, such as in a soybean oil suspension.

23. Furthermore, competing Q10 brands instruct that they are to be taken *with food*, since they are fat-soluble and therefore most effective when taken with food.[2]

24. Qunol Liquid CoQ10 could thus hardly be considered, as the referenced studies would seem to indicate, three times as effective as comparable

---

[1] *See e.g.*, Zmitek J, *et al. Improving the Bioavailability of Coenzyme Q10*, 19(4) Agro FOOD Industry Hi Tech 8-10 (2008); Zmitek J, *et al. Relative Bioavailability of Two Forms of a Novel Water-Soluble Coenzyme Q10*, 52(4) Annals of Nutrition & Metabolism 281-287 (2008).

[2] Indeed, many of the studies Defendants rely upon are ones where the subjects were dogs under fasting conditions (read: two-week "wash-out" periods), in which the given control was the outmoded crystalline formulation discussed above. *See e.g.* Zaghloul AA, *et al. Bioavailability Assessment of Oral Coenzyme Q10 Formulations in Dogs*, 28(10) Drug Development and Industrial Pharmacy 1195-1200 (2002); Prosek M, *et al. Bioavailability of Water-Soluble CoQ10 in Beagle Dogs*, 47(4-5) Journal of Pharmacological and Biomedical Analysis 918-922 (2008).

1   brands of coenzyme Q10 formulations, which are rarely manufactured and sold in

2   crystalline form, let alone the advertised *six times* more effective. Such a claim is

3   false and without basis.

4        25.   **Misleading "Absorption" Claims**: Defendants advertise in large

5   bold-face font on the front label of Qunol Liquid CoQ10 the false claim: "UP TO

6   6X BETTER ABSORPTION THAN REGULAR CoQ10."

7        26.   As demonstrated above there is no justification or basis for this

8   outlandish claim.

9                          **"Qunol Ultra CoQ10" Front Label**



COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

**"Qunol Ultra CoQ10" Back/Side Label**



| Qunol™ Ultra CoQ10 | Regular CoQ10 † |
|---|---|
| 100% Natural CoQ10 | May contain synthetic CoQ10 derived from tobacco leaves |
| 300% Better Absorption | Poor Absorption |
| Passes USP dissolution test | Fails USP dissolution test |
| Best Results Best Value! | Dissolves in fats only to a very limited degree |

7

27.     **Misleading Comparison Graphic:** Defendants advertise Qunol Ultra CoQ10 with a graphic equating one 100 mg dose of Qunol Ultra CoQ10 to three 100 mg capsules of "Regular CoQ10."

28.     As discussed above, such a comparison is unfounded and based on a misinterpretation of studies which have shown other liquid-soluble formulations of coenzyme Q10 to have more than three times the bioavailability than older crystalline formulations of the coenzyme.

29.     **Misleading "Absorption" and "Best Value!" Claims:** Defendants advertise in large bold-face font on the front label of Qunol Ultra CoQ10 the false claim: "3X BETTER ABSORPTION." Defendants further claim Qunol Ultra CoQ10 presents the "Best Value!" because of its supposed absorption advantage.

30.     As demonstrated above there is no justification or basis for this outlandish claim, or the conclusion Defendants draw from it, that Qunol CoQ10 presents the "Best Value!" among competing products. Ironically, because Qunol CoQ10 falsely claims to have substantially more absorption than competing products, and so justifies a higher price, because it is in reality no more effective than competing product, Qunol CoQ10 is actually a "worst value."

31.     In sum, Defendants' claims of bioavailability relating to Qunol CoQ10 are false and misleading, arbitrarily chosen to deceive consumers into purchasing an otherwise negligible or inferior product at marked up prices.

## RELIANCE AND INJURY

32.     When purchasing Qunol CoQ10, Plaintiff was seeking a product that had the qualities described on Qunol CoQ10's label.

33.     Plaintiff read and relied on the following deceptive claims concerning Qunol CoQ10:

(a)     "UP TO 6X BETTER ABSORPTION THAN REGULAR CoQ10";

(b)     Misleading graphic claiming 100mg of Qunol CoQ10 is equal to 600 mg of other products.

(c)     "3X BETTER ABSORPTION"

(d)     "Best Value!"

34.     Plaintiff believed Qunol CoQ10 had the qualities she sought, but the product was actually unsatisfactory to Plaintiff for the reasons described herein, *i.e.*, there is no evidence the ingredients in Qunol CoQ10 present the claimed benefits of increased absorption and effectiveness.

35.     Qunol CoQ10 costs more than similar products without misleading labeling, and would have cost less absent the false and misleading statements.

36.     Plaintiff paid more for Qunol CoQ10, and would have been willing to pay less or unwilling to purchase the product at all, absent the false and misleading labeling complained of herein. Plaintiff would not have purchased Qunol CoQ10 absent these claims and advertisements.

37.     For these reasons, Qunol CoQ10 was worth less than what Plaintiff paid for it.

38.     Instead of receiving a product that had actual and substantiated healthful or other beneficial qualities, the product Plaintiff received was one that does not provide the claimed benefits.

39.     Plaintiff lost money as a result of Defendants' deceptive claims and practices in that she did not receive what she paid for when purchasing Qunol CoQ10.

40.     Plaintiff altered her position to her detriment and suffered damages in an amount equal to the amount she paid for Qunol CoQ10.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") in accordance with Rule 23 of the Federal Rules of Civil

9

1  Procedure.

2      42.  The Class is defined as:

3
4          All persons (excluding officers, directors, employees and their
5          immediate families of Eckhart Corp.; Quten Research Institute,
6          LLC; and Tishcon Corp.) who purchased, on or after January
7          31, 2007, Defendants' Qunol CoQ10 in the United States for
        their own use rather than resale or distribution.

8      43.  Questions of law and fact common to Plaintiff and the Class include:

9          a.  Whether Defendants contributed to, committed, and/or is
10            responsible for the conduct alleged herein;

11         b.  Whether Defendants' conduct constitutes the violations of law
12            alleged herein;

13         c.  Whether Defendants acted willfully, recklessly, negligently, or
14            with gross negligence in the violations of law alleged herein;
           and

15         d.  Whether Class members are entitled to compensatory,
16            injunctive, and other equitable relief.

17     44.  By purchasing and/or using Qunol CoQ10, all Class members were
18 subjected to the same wrongful conduct.

19     45.  Absent Defendants' deceptive claims, Plaintiff and Class members
20 would not have purchased Qunol CoQ10.

21     46.  Plaintiff's claims are typical of the Class's claims. Plaintiff will fairly
22 and adequately protect the interests of the Class, has no interests that are
23 incompatible with the interests of the Class, and has retained counsel competent
24 and experienced in class litigation.

25     47.  The Class is sufficiently numerous, as it includes tens of thousands of
26 individuals who purchased Qunol CoQ10 throughout the United States during the
27 Class Period. In addition to Costco, Qunol is sold at other national retailers
28 including Wal-Mart.

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

48.     Class representation is superior to other options for the resolution of the controversy. The relief sought for each Class member is small. Absent the availability of class action procedures, it would be infeasible for Class members to redress the wrongs done to them.

49.     Defendants have acted on grounds applicable to the Class, thereby making appropriate final injunctive relief or declaratory relief concerning the Class as a whole.

50.     Questions of law and fact common to the Class predominate over any questions affecting only individual members.

51.     Class treatment is appropriate under FRCP 23(a) and both 23(b)(2) and 23(b)(3). Plaintiff does not contemplate class notice if the Class is certified under FRCP 23(b)(2), which does not require notice, and notice via publication if the Class is certified under FRCP 23(b)(3) or if the Court determines Class notice is required notwithstanding that notice is not required under FRCP 23(b)(2). Plaintiff will, if notice is required, confer with Defendant and seek to present the Court with a stipulation and proposed order on the details of a Class notice plan.

## FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law,

### Cal. Bus. & Prof. Code § 17200 *et seq.*,

52.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

53.     Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

54.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute "unlawful" business acts and practices in that Defendants' conduct violates the False Advertising Law, the Consumer Legal Remedies Act, and the Lanham Act.

55. Defendants' conduct is further "unlawful" because it violates the Federal Food, Drug, and Cosmetic Act and its implementing regulations in at least the following ways:

(1) Defendants' deceptive statements violate 21 U.S.C. § 343(a), which deems food (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular";

(2) Defendants' deceptive statements violate 21 C.F.R. § 101.14(b)(3)(i), which mandates "substances" in dietary supplements consumed must contribute and retain "nutritive value," as defined under 21 C.F.R. § 101.14(a)(2)(3) when consumed at levels necessary to justify a claim.

56. Defendants' conduct is further "unlawful" because it violates The California Sherman Food, Drug, and Cosmetic Law, which incorporates the provisions of the Federal Food, Drug and Cosmetic Act.

57. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein also constitute "unfair" business acts and practices under the UCL in that Defendants' conduct is immoral, unscrupulous, and offends public policy. Further, the gravity of Defendants' conduct outweighs any conceivable benefit of such conduct.

58. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute "fraudulent" business acts and practices under the UCL in that Defendants' claims are false, misleading, and have a tendency to deceive the Class and the general public.

59. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

60. Plaintiff further seeks an order for the disgorgement and restitution of all monies from the sale of the Defendants Product, which were acquired through acts of unlawful, unfair, and/or fraudulent competition.

1

## **SECOND CAUSE OF ACTION**

2

**Violations of the False Advertising Law,**

3

**Cal. Bus. & Prof. Code § 17500** *et seq.*

4      61.   Plaintiff realleges and incorporates the allegations elsewhere in the

5   Complaint as if set forth in full herein.

6      62.   In violation of Cal. Bus. & Prof. Code § 17500 *et seq.*, the

7   advertisements, labeling, policies, acts, and practices described herein were

8   designed to, and did, result in the purchase and use of Qunol CoQ10.

9      63.   Defendants knew and reasonably should have known that the labels

10   on Defendants' were untrue and/or misleading.

11      64.   As a result, Plaintiff, the Class, and the general public are entitled to

12   injunctive and equitable relief, restitution, and an order for the disgorgement of the

13   funds by which Defendants were unjustly enriched.

14

15

## **THIRD CAUSE OF ACTION**

16

**Violations of the Consumer Legal Remedies Act,**

17

**Cal. Civ. Code § 1750** *et seq.*

18      65.   Plaintiff realleges and incorporates the allegations elsewhere in the

19   Complaint as if set forth in full herein.

20      66.   The CLRA prohibits deceptive practices in connection with the

21   conduct of a business that provides goods, property, or services primarily for

22   personal, family, or household purposes.

23      67.   Defendants' policies, acts, and practices were designed to, and did,

24   result in the purchase and use of Defendants' Product for personal, family, or

25   household purposes, and violated and continue to violate the following sections of

26   the CLRA:

27           a.   § 1770(a)(5): representing that goods have characteristics, uses, or

28                benefits which they do not have.

13

b.  § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

c.  § 1770(a)(9): advertising goods with intent not to sell them as advertised.

d.  § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

68.  As a result, Plaintiff and the Class have suffered irreparable harm, seek, and are entitled to, actual damages, punitive damages, injunctive relief and restitution.

69.  The conduct described herein by Defendants was long-standing, continuing even after Plaintiff demanded the conduct cease in her CLRA letter, was done for profit as a deliberate corporate policy rather than an isolated incident, and was morally wrong, fraudulent, callous, and oppressive.

70.  In compliance with Civ. Code § 1782, Plaintiff sent written notice to Defendants of her claims on Dec. 15, 2010, delivered on Dec. 20, 2010, and more than 30 days before seeking damages.

**FOURTH CAUSE OF ACTION**

**Breach of Express Warranty**

71.  Plaintiff realleges and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

72.  Defendants made different express warranties upon which Plaintiff relied in making her purchase, including but to limited to express warranties that the product Qunol CoQ10 would be as much as three or six times as effective as competing brands of coenzyme Q10 formulations.

73.  In fact, there is no scientific evidence that Defendants' formulation of Qunol CoQ10 is any more effective than competing brands.

74.  These facts constitute breaches of all applicable express warranties as

1     alleged in this complaint.

2

3                    **PRAYER FOR RELIEF**

4           WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated,

5     and the general public, prays for judgment and relief against Defendant as follows:

6           A.      Declaring this action to be a proper class action and appointing

7     undersigned counsel as class counsel;

8           B.      An Order requiring Defendants to bear the cost of class notice;

9           C.      An Order compelling Defendants to conduct a corrective advertising

10    campaign;

11          D.      An Order requiring Defendants to disgorge all monies, revenues, and

12    profits obtained by means of any wrongful act or practice;

13          E.      An Order compelling Defendants to destroy all misleading and

14    deceptive advertising materials and product labels;

15          F.      An Order requiring Defendants to pay restitution to restore all funds

16    acquired by means of any act or practice declared by this Court to be an unlawful,

17    unfair, or fraudulent business act or practice, untrue or misleading advertising, or a

18    violation of the CLRA, plus pre-and post-judgment interest thereon;

19          G.      Actual damages under the CLRA;

20          H.      Punitive damages under the CLRA;

21          I.      Costs, expenses, and reasonable attorneys' fees;

22          J.      Any other and further relief the Court deems necessary, just, or

23    proper.

24

25

26

27

28

---

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

DATED: January 31, 2011                     Respectfully Submitted,

_Greg Weston_

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
888 Turquoise Street
San Diego, CA 92109
Telephone:  858 488 1672
Facsimile:   480 247 4553


**LAW OFFICES OF RONALD A.
MARRON**
RONALD A. MARRON
3636 4th Avenue, Suite 202
San Diego, CA 92103
Telephone:  (619) 696-9006
Facsimile:   (619) 564-6665

Counsel for Plaintiff and
the Proposed Class

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## SACV11- 173 DOC (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
The Weston Firm
Gregory S. Weston and Jack Fitzgerald
888 Turquoise Street
San Diego, CA 92109

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Kelley Bruno, on behalf of herself and all others similarly situated

PLAINTIFF(S)

v.

Eckhart Corp., Quten Research Institute, LLC, and Tishcon Corp.

DEFENDANT(S).

CASE NUMBER

SACV11-00173 DOC (EX)

**SUMMONS**

TO:   DEFENDANT(S): Eckhart Corp., Quten Research Institute, LLC, and Tishcon Corp.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Gregory S. Weston_____, whose address is _888 Turquoise St, San Diego CA 92109_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _1/31/11_____

By: _____

JULIE PRADO    SEAL

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Kelley Bruno | Eckhart Corp.; Quten Research Institute LLC; Tishcon Corp. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| The Weston Firm / Gregory S. Weston / 888 Turquoise St. / San Diego, CA 92109 / greg@westonfirm.com | Jason M . Kerr / Price Parkinson & Kerr PLLC / 3742 W Harold Gatty Drive / Salt Lake City UT 84116 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** more than $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

SACV11-00173

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maryland |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Gregory Weston_                         Date 1/31/11

   **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
   but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |