1   Anthony M. Keats (SBN 123672)
2   E-Mail: akeats@kmwlaw.com
    Larry W. McFarland (SBN 129668)
3   E-Mail: lmcfarland@kmwlaw.com
    David K. Caplan (SBN 181174)
4   E-Mail: dcaplan@kmwlaw.com
5   KEATS McFARLAND & WILSON LLP
6   9720 Wilshire Boulevard, Penthouse Suite
    Beverly Hills, California 90212
7   Telephone   (310) 248-3830
8   Facsimile:   (310) 860-0363

9   Peter D. Aufrichtig (*admitted pro hac vice*)
10  E-Mail: peter@mccarthyfingar.com
    McCarthy Fingar LLP
11  11 Martine Avenue, 12th Floor
12  White Plains, NY 10606-1934
    Telephone: (914) 946-3700
13  Facsimile: (914) 946-0134

14
    Attorneys for Defendant
15  TISHCON CORPORATION

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18                    SOUTHERN DIVISION

19
    KELLEY BRUNO,                    Case No.: SACV 11-00173 DOC (Ex)
20
                    Plaintiff,
21                                   **STIPULATED AND AGREED**
           v.                        **PROTECTIVE ORDER**
22
    ECKHART CORPORATION, QUTEN
23  RESEARCH INSTITUTE, LLC, and
    TISHCON CORPORATION,
24
25                  Defendants.

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

JUN 10 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

1       Pursuant to Federal Rule of Civil Procedure 26(c), the Court, having considered

2   the parties' request for a *Protective Order*, hereby ORDERS AS FOLLOWS:

3   **GOOD CAUSE STATEMENT OF THE PARTIES**

4       This litigation involves Plaintiff's allegations that Defendants are wrongfully

5   marketing their Qunol Liquid CoQ10 and Qunol Ultra CoQ10 products.   Discovery

6   will likely require examination of documents, data, and information which the parties

7   assert is highly confidential.  Disclosure and discovery activity in this action are likely

8   to involve production of confidential, proprietary, or private information for which

9   special protection from public disclosure and from use for any purpose other than

10  prosecuting this litigation would be warranted.  Specifically, Plaintiffs are likely to

11  request information relating to Defendants' methods of developing their Qunol Liquid

12  CoQ10 and Qunol Ultra CoQ10 products and testing of these products, and financial

13  terms surrounding Defendants' advertisement and sale of these products.  Among

14  other things, Defendants will suffer specific prejudice and harm from the public

15  disclosure of confidential product development, marketing, and financial documents.

16  Plaintiffs and Class members may also suffer specific prejudice and harm from the

17  public disclosure of their private consumption and purchasing information.  The

18  parties acknowledge that this Order does not confer blanket protections on all

19  disclosures or responses to discovery and that the protection it affords extends only to

20  the limited information or items that are entitled under the applicable legal principles

21  to treatment as confidential.  The parties further acknowledge, as set forth in Section

22  17, below, that this Stipulated Protective Order creates no entitlement to file

23  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

24  that must be followed and reflects the standards that will be applied when a party

25  seeks permission from the Court to file material under seal.

26  ///

27  ///

28                                    -1-

1       1.    **Definitions:**   The terms defined in this Section 1 and parenthetically

2    elsewhere shall, throughout this ***Protective Order,*** have the meanings provided.

3    Defined terms may be used in the singular or plural.

4          1.1   "Action" means the litigation captioned *Bruno v. Eckhart Corp., et*

5    *al*, Case No. SACV 11-00173 DOC (Ex).

6          1.2   "Producing Party" means a party to the Action, or persons other

7    than a party, including non-party witnesses, that produce *Confidential*

8    *Information* or *Highly Confidential Information* to the Receiving Party.

9          1.3   "Receiving Party" means the party receiving or requesting

10   production of *Confidential Information* or *Highly Confidential Information*

11   from the Producing Party.

12         1.4   "*Confidential Information*" consists of information, items or

13   materials (1) which reflect or constitute customer lists, billing records, product

14   development documents, financial records, scientific product testing, product

15   formulations, and other similar items, materials and information the Producing

16   Party believes in good faith to constitute confidential information of the

17   Producing Party, or confidential information of some third party which the

18   Producing Party has in its possession, whether or not such information is

19   recorded or embodied in any physical medium (*i.e.,* a document, information

20   contained in a document, equipment, information stored or displayed in

21   electronic, magnetic or other mediums, information revealed during testimony,

22   information revealed in interrogatory answers, or information revealed in any

23   other way); and (2) which is designated as *Confidential Information* by the

24   Producing Party in accordance with Sections six through eight of this ***Protective***

25   ***Order***.

26         1.5   "*Highly Confidential Information*" means information (1) which

27   reflects nonpublic, proprietary product development information, financial

28                                -2-

1  information, programs, designs, and similar information the Producing Party

2  believes in good faith to constitute confidential information of the Producing

3  Party or confidential information of some third party which the Producing Party

4  has in its possession; (2) that is so competitively sensitive that producing the

5  information justifies imposing the requirement on the opposite party that only

6  its counsel may review such information and that its testifying and consulting

7  experts are subject to objection as specified herein, whether or not any such

8  information is recorded or embodied in any physical medium (*i.e.*, whether it is

9  a document, information contained in a document, equipment, information

10  stored or displayed in electronic, magnetic or other medium, information

11  revealed during the taking of testimony, information revealed in interrogatory

12  answers, or information revealed in any other way); and (3) which is designated

13  as *Highly Confidential Information* by the Producing Party in accordance with

14  Sections six through eight of this ***Protective Order***.

15    1.6  "Litigation Documents" means all pleadings, motions, discovery

16  responses, affidavits and related papers produced or exchanged in the course of

17  the Action, or any settlement negotiations related to the Action, and all

18  transcripts of testimony given in depositions, in hearings, or at trial.

19    1.7  "Termination" means the dismissal of the Action (whether through

20  settlement or otherwise), or the entry of final judgment and expiration of all

21  periods to appeal or seek judicial review of such judgment or dismissal.

22    2.  All *Confidential Information* shall be used by the Receiving Party solely

23 in connection with the prosecution and defense of the Action.  The Receiving Party

24 shall copy *Confidential Information* only to the extent reasonably necessary to

25 prosecute or defend the Action.  The Receiving party shall not, directly or indirectly,

26 in whole or in part, reveal, disclose, or make available for inspection or copying any

27 *Confidential Information* to any individual or entity, except:

28

-3-

CASE NO. CV:11-00173 DOC (Ex)<br>STIPULATED AND AGREED<br>PROTECTIVE ORDER

2.1    the Court and its personnel and any Jury impaneled in the Action;

2.2    court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

2.3    the Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) who have a need to know the *Confidential Information* in connection with maintaining or defending the Action;

2.4    the Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, and copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the *Confidential Information* in connection with maintaining or defending the Action;

2.5    employees of the Receiving Party or other individuals representing the Receiving Party who have a need to know the *Confidential Information* in connection with maintaining or defending the Action and who have executed this Agreement or an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*;

2.6    subject to Section 11 of this **Protective Order***,* any testifying or consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*, and (b) is not employed or retained by a competitor of the Producing Party and has no present intention to be employed or retained by a competitor of the Producing Party for a period of one year following termination of the Action. Provided, however, that any testifying or consulting expert may use *Confidential Information* solely for purposes of the Action and for no other purposes;

-4-

1     2.7    deposition witnesses and other testifying witnesses who (a) were

2     the author or a recipient of a document containing *Confidential Information* and

3     (b) have executed an agreement in the form of that attached hereto as Exhibit A

4     before receiving *Confidential Information*;

5     2.8    any arbitrator or mediator in connection with an arbitration or

6     mediation of any issue raised in the Action, and such arbitrator's or mediator's

7     support staff; and

8     2.9    any other person authorized by written agreement of the Producing

9     Party and the Receiving Party or by order of the Court to receive *Confidential*

10    *Information*.

11    3.     All *Highly Confidential Information* shall be used by the Receiving Party

12    solely in connection with the prosecution and defense of the Action.  The Receiving

13    Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make

14    available for inspection or copying any *Highly Confidential Information* to any

15    individual or entity, except:

16    3.1    the Court and its personnel and any Jury impaneled in the Action;

17    3.2    court reporters, videographers, and outside translators while

18    present at a deposition, hearing, or trial in the Action;

19    3.3    the Receiving Party's outside attorneys retained by or for the

20    Receiving Party in connection with the Action, and the support staffs of those

21    attorneys (including law clerks, legal assistants, secretaries, and clerks, ***but***

22    ***excluding*** copying service personnel who provide copying and related litigation

23    services at the request of the outside attorneys unless such personnel have

24    executed an agreement in the form of that attached hereto as Exhibit A) who

25    have a need to know the *Highly Confidential Information* as a result of assisting

26    in discovery or in the preparation of the Action for trial;

27

28

CASE NO. CV:11-00173 DOC (Ex)
STIPULATED AND AGREED
PROTECTIVE ORDER

3.4    subject to Section 11 of this *Protective Order,* any testifying and consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving *Highly Confidential Information,* and (b) has not been employed or retained by a competitor of the Producing Party for a period of at least two years prior to the disclosure, and commits in writing to not work or be retained by a competitor of the Producing Party for a period of one year following termination of the Action. Provided, however, that any testifying or consulting expert may use *Highly Confidential Information* solely for purposes of the Action and for no other purposes;

3.5    deposition witnesses and other testifying witnesses who (a) were the author or a recipient of a document containing *Highly Confidential Information* and (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving *Highly Confidential Information*;

3.6    any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

3.7    any other person authorized by written agreement of the parties or by order of the Court to receive *Highly Confidential Information.*

4.    No person, other than the individuals described in Sections 2 or 3, shall be permitted to attend any deposition during disclosure of *Confidential Information,* unless the parties agree or the Court orders otherwise.

5.    No person, other than the individuals described in Section 3, shall be permitted to attend any deposition, hearing or trial during disclosure of *Highly Confidential Information,* unless the parties agree or the Court orders otherwise.

6.    A Producing Party shall designate *Confidential Information* or *Highly Confidential Information* contained in a document by conspicuously marking the document as "Confidential Information" or "Highly Confidential Information," as the

-6-

case may be, on the first page of the document and thereafter on each interior page containing or disclosing *Confidential Information* or *Highly Confidential Information*.

7.    A Producing Party shall designate *Confidential Information* or *Highly Confidential Information* contained or embodied in a thing by conspicuously marking, when practicable, the thing as "Confidential Information" or "Highly Confidential Information," as the case may be, or otherwise by identifying the *Confidential Information* or *Highly Confidential Information* in a separate writing such as a memo or letter.

8.    A Producing Party may designate *Confidential Information* or *Highly Confidential Information* disclosed during a deposition or hearing by:

8.1    indicating on the record at the deposition or hearing the specific part of the testimony (including the entire testimony given or to be given by a witness) and all or any part of any document or thing marked for identification that is *Confidential Information* or *Highly Confidential Information* and subject to the provisions of this ***Protective Order***; or

8.2    notifying all Receiving Parties within the earlier of (a) twenty-one (21) days from the time the Producing Party receives a deposition or hearing transcript, or (b) thirty (30) days prior to the trial date, that the transcript contains *Confidential Information* or *Highly Confidential Information* and specifically identifying those portions (including a witness's entire testimony) that contain *Confidential Information* or *Highly Confidential Information*.

8.3    In the event of a designation pursuant to Section 8.2, nothing shall prevent a Receiving Party from using the testimony of an expert or consultant who relied in his or her analysis on *Confidential Information* or *Highly Confidential Information* provided that the expert viewed the *Confidential Information* or *Highly Confidential Information* prior to the Producing Party's designation pursuant to 8.2.

-7-

9.      A Receiving Party is not obligated to challenge the Producing Party's designation of *Confidential Information* or *Highly Confidential Information* at the time such a designation is made, and any failure to do so will not waive that party's right to request, at any time, that the Court determine whether the information satisfies the definitions of *Confidential Information* or *Highly Confidential Information* set forth at Sections 1.4 and 1.5, respectively, or whether the information satisfies the applicable rules with respect to protected confidential information.    Should a Receiving Party challenge a Producing Party's designation, the parties agree to attempt to resolve the dispute in good faith.  If the dispute cannot be resolved and the Receiving Party seeks relief from the Court, the Producing Party will bear the burden of proving that the designation satisfies both the substantive and procedural requirements under Rules 26 and 37 of the Federal Rules of Civil Procedure.    In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of proving that specific prejudice or harm will result if no Protective Order is granted.

10.      In the event a Producing Party inadvertently fails to designate *Confidential Information* or *Highly Confidential Information* when it is first produced or disclosed, that party may, at any time thereafter, designate the *Confidential Information* or *Highly Confidential Information* by producing the information with the new designation, stamped with the same Bates number as the information it is intended to replace.  Upon receipt of the newly designated information, the Receiving Party will destroy all copies of the original.  The Receiving Party shall not be in breach of this **Protective Order** for any disclosure made prior to receipt of such notice which would otherwise have been authorized by this Order but for the subsequent designation.

CASE NO. CV:11-00173 DOC (Ex)
STIPULATED AND AGREED
PROTECTIVE ORDER

1    11.    Prior to providing *Confidential Information* or *Highly Confidential*
2 *Information* of any Producing Party to a consulting or testifying expert, the Receiving
3 Party shall notify the Producing Party as to the identity of that consulting or testifying
4 expert and shall provide the Producing Party a copy of the testifying expert's
5 *curriculum vitae*, unless the expert has been previously disclosed by the Receiving
6 Party under this Section 11. The Producing Party shall serve the Receiving Party with
7 written objections to the testifying or consulting expert within ten (10) business days
8 after receiving the notice. If no written objection is timely served, the Receiving Party
9 may provide *Confidential Information* or *Highly Confidential Information* to the
10 consulting or testifying expert according to the terms of this ***Protective Order***. If the
11 Producing Party timely serves its objections, the Receiving Party shall not provide
12 *Confidential Information* or *Highly Confidential Information* to the expert until all
13 objections are resolved. The Producing Party and the Receiving Party shall work
14 together in good faith to resolve any timely served objections concerning the testifying
15 or consulting expert. If any such dispute cannot be resolved, the parties shall
16 formulate a written stipulation setting forth the contentions and points and authorities
17 of each party with respect to each disputed issue and they shall file and serve the
18 stipulation, with the notice of motion to the Court, pursuant to Local Rule 37-2. In
19 making or opposing any motion relating to the designation of confidential
20 information, the party seeking to maintain a document as confidential shall bear the
21 burden of proving that specific prejudice or harm will result if no Protective Order is
22 granted.

23    12.    Any party may move the Court to amend this ***Protective Order*** on 5
24 business days' notice to all parties to the Action and the Producing Party that
25 produced the information in question (or such shorter notice as the Court may
26 require). In any proceedings on such a motion, the prior existence of this ***Protective***
27 ***Order*** shall not affect the burden of persuasion that would rest upon any proponent of
28

1    a protective provision.   The Court, on its own motion, may amend this ***Protective***

2    ***Order.***

3       13.   Nothing in this ***Protective Order*** shall bar or otherwise restrict any

4    attorney from rendering legal advice to his or her client with respect to this litigation

5    and referring generally to *Confidential Information* or *Highly Confidential*

6    *Information* or relying upon the attorney's own examination of *Confidential*

7    *Information* or *Highly Confidential Information*.

8       14.   If any Receiving Party is required by law to disclose some portion of the

9    *Confidential Information* or *Highly Confidential Information* other than as permitted

10    by this ***Protective Order***:

11        14.1   the Receiving Party will inform the Producing Party who originally

12       disclosed such *Confidential Information* or *Highly Confidential Information* of

13       the requirement as soon as practicable after receiving notice of the requirement.

14       The Receiving Party will further inform the Producing Party which *Confidential*

15       *Information* or *Highly Confidential Information* it is required to disclose.

16        14.2   The Receiving Party shall inform the requiring entity of the

17       Receiving Party's obligations set forth in this ***Protective Order***.

18        14.3   The Producing Party may seek a Protective Order with

19       confidentiality provisions identical to this ***Protective Order***.   The Receiving

20       Party shall not oppose the Producing Party's attempts to obtain the Protective

21       Order in any fashion, including assisting any third party in opposing the entry

22       of such Protective Order.

23         14.3.1   If the Producing Party elects to seek a Protective Order

24        under the above section 14.3, it shall notify the Receiving Party within

25        the earlier of (a) twenty (20) days after the Receiving Party sends its

26        notice or (b) two (2) business days before the deadline for complying

27        with the requirement but after the Receiving Party sends its notice.

28

CASE NO. CV:11-00173 DOC (Ex)
STIPULATED AND AGREED
PROTECTIVE ORDER

14.3.2    If the Producing Party elects not to seek a Protective Order, or if the Receiving Party receives no notice under the above section 14.3.1 within the time established in Section 14.3.1 of this Protective Order, the Receiving Party shall have the right to disclose the required *Confidential Information* or *Highly Confidential Information*.

14.3.3    If the Producing Party is unable to obtain a Protective Order satisfactory to the Producing Party after exhausting all applications for writs of mandamus and all interlocutory appeals from the denial of such a Protective Order, the Receiving Party shall have the right to disclose the required *Confidential Information* or *Highly Confidential Information*.

15.    The restrictions of the **Protective Order** shall not apply to, and this Order shall not be construed to prevent, any Receiving Party from making use of or disclosing information that:

15.1    was lawfully in its possession prior to receipt of such information from a Producing Party, as shown by its written records dated prior to the Producing Party's disclosure;

15.2    appears in any published material available to the Producing Party's trade or business, available to the public, or otherwise becomes available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or

15.3    it lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party;

regardless of whether the same has been designated as *Confidential Information* or *Highly Confidential Information*.

-11-

16.    This *Protective Order* shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidence.   This *Protective Order* shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

17.    All Litigation Documents to be filed with the Court and designated by either party as containing *Confidential Information* or *Highly Confidential Information* or referring to any previously designated *Confidential Information* or *Highly Confidential Information* shall be filed in accordance with Local Rule 79-5, and the party filing any such Litigation Document shall move the Court to file the document under seal.   The party seeking to have the document filed under seal shall present a written application and proposed order to the judge, along with the document submitted for filing under seal.   The proposed order shall address both the sealing of the application and order itself, if appropriate.   The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of the envelopes.   The Court's ruling on the motion shall be determinative of the filing status of the Litigation Document.   Where possible and appropriate, upon Court Order, the filing party shall file redacted versions of Litigation Documents in the public docket so as to exclude *Confidential Information* or *Highly Confidential Information.*

18.    This paragraph addresses the handling of documents by authorized recipients other than the Court or its employees.   Documents filed with the Court shall be handled according to Local Rule 79-5.   All documents and things designated as *Confidential Information* or *Highly Confidential Information* shall be maintained at all times in the custody of individuals described in Sections 2 or 3, respectively.   Within 60 days after Termination of the Action, the original and all copies of each document and thing produced to a Receiving Party which contains *Confidential Information* or *Highly Confidential Information* shall be returned to the Producing Party or destroyed.

-12-

1   Notwithstanding the foregoing: (1) nothing in this Section shall require the destruction
2   of information that resides on server backup tapes and other similar archival records
3   that are generally inaccessible without engaging in affirmative steps to restore such
4   documents as long as such computer archives were made during the ordinary course
5   of business; (2) attorney work product, attorney client communications, and
6   information derived from documents designated by another party or nonparty as
7   *Confidential Information* or *Highly Confidential Information* may be retained by the
8   Receiving Party (if authorized to view them) and counsel for the Receiving Party (if
9   authorized to view them); and (3) counsel for the Receiving Party may retain one copy
10  of any notes, memoranda, or other documents that contain excerpts of *Confidential*
11  *Information* or *Highly Confidential Information*.   Testifying and consulting experts
12  may not retain (a) documents designated by another party or nonparty as *Confidential*
13  *Information* or *Highly Confidential Information*, (b) attorney work product, attorney
14  client communications, and information derived from documents designated by
15  another party or nonparty as *Confidential Information* or *Highly Confidential*
16  *Information*, or (c) notes, memoranda, or other documents that contain excerpts of
17  *Confidential Information* or *Highly Confidential Information* designated by another
18  party or nonparty, including without limitation copies of their expert reports, if any.
19  Upon completion of destruction, counsel for the Receiving Party shall promptly
20  certify the destruction in writing to the Producing Party.

21      19.     Insofar as its provisions restrict the use or disclosure of any *Confidential*
22  *Information* or *Highly Confidential Information*, this **Protective Order** shall remain
23  binding on the parties after Termination of the Action, and the Court shall retain
24  jurisdiction of all persons and parties bound by this **Protective Order.**

25      20.     With respect to the handling of Confidential Information or Highly
26  Confidential Information by the Court, any documents introduced at trial will be
27
28

-13-

presumptively available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

21.     Nothing in this Order shall affect the admissibility into evidence of *Confidential Information* or *Highly Confidential Information,* or the manner in which court hearings or the trial of this action are to be conducted.

**IT IS SO ORDERED:**

Dated:  6/10 , 2011

HON. ~~DAVID O. CARTER~~ *CHARLES F. Eick*
UNITED STATES ~~DISTRICT JUDGE~~
*MAGISTRATE JUDGE*

**AGREED TO:**

KEATS MCFARLAND & WILSON, LLP

Dated:  June 7, 2011              By:   /s/Anthony M. Keats
                                       Anthony M. Keats
                                       Attorneys for Defendant
                                       TISHCON CORPORATION

                                       Peter D. Aufrichtig
                                       McCarthy Fingar LLP
                                       Attorneys for Defendant
                                       TISHCON CORPORATION

THE WESTON FIRM

Dated: June 7, 2011               By:   /s/Gregory S. Weston
                                       Gregory S. Weston
                                       Attorneys for Plaintiff
                                       KELLEY BRUNO

-14-                              CASE NO. CV:11-00173 DOC (Ex)
                                 STIPULATED AND AGREED
                                 PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VANTUS LAW GROUP, P.C.


Dated: June 7, 2011

By:    /s/Evan S. Strassberg
       Evan S. Strassberg
       Attorneys for Defendants
       ECKHART CORP. AND QUTEN
       RESEARCH INSTITUTE, LLC

CASE NO. CV:11-00173 DOC (Ex)
STIPULATED AND AGREED
PROTECTIVE ORDER

<u>Kelley Bruno v. Eckhart Corporation, et al.</u>
**U.S. District Court, Central District of California**
**Case No. SACV 11-00173 DOC (Ex)**

# EXHIBIT A

# STIPULATED AND AGREED
# PROTECTIVE ORDER

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Kelley Bruno v. Eckhart Corporation, et al.</u>
U.S. District Court, Central District of California
Case No. SACV 11-00173 DOC (Ex)

**<u>Exhibit A</u>**

      I, the undersigned, have reviewed the attached Protective Order entered in the above-captioned case (the "Protective Order"), and I acknowledge its terms. Having been advised to seek my own counsel before doing so, I agree to be bound by the terms of the Protective Order and submit to the jurisdiction of the United States District Court for the Central District of California, or any other Court of competent jurisdiction, for purposes of ensuring compliance with the terms of the Protective Order.

Signed this _____ day of _____, 2011.

_____