| | |
|---|---|
| **THE WESTON FIRM** <br> GREGORY S. WESTON (239944) <br> *greg@westonfirm.com* <br> JACK FITZGERALD (257370) <br> *jack@westonfirm.com* <br> MELANIE PERSINGER (275423) <br> *mel@westonfirm.com* <br> 1405 Morena Blvd., Suite 201 <br> San Diego, CA 92110 <br> Telephone: 619 798 2006 <br> Facsimile: 480 247 4553 | **LAW OFFICES OF RONALD A. MARRON, APLC** <br> RONALD A. MARRON (175650) <br> *ron.marron@gmail.com* <br> 3636 4th Avenue, Suite 202 <br> San Diego, CA 92109 <br> Telephone:  (619) 696 9066 <br> Facsimile:   (619) 564 6665 |



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
SEP 20 2011
CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

Counsel for Plaintiff and the Proposed Class



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| KELLEY BRUNO on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QUTEN RESEARCH INSTITUTE, LLC, and TISHCON CORP., <br><br> Defendants. | Case No: SACV 11-00173 DOC (Ex) <br> Pleading Type: Class Action <br><br> **PLAINTIFF'S APPLICATION TO FILE UNDER SEAL THE UNREDACTED MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, THE DECLARATION OF MELANIE PERSINGER, AND EXHIBITS ATTACHED THERETO** <br><br> Judge: Hon. David O. Carter <br> Hearing Date: October 17, 2011 <br> Time: 8:30 a.m. <br> Location: Courtroom 9D |

---

*Kelley Bruno v. Quten Research Institute, LLC et al.*, Case No. 8:11-cv-00173 DOC (Ex)
PLAINTIFF'S APPLICATION TO FILE UNDER SEAL

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Plaintiffs hereby apply for an order allowing them to file under seal the unredacted versions of Plaintiff's Memorandum of Points and Authorities in Support of Motion for Class Certification, the Declaration of Melanie Persinger, and Exhibits attached thereto in accordance with Local Rule 79-5.1.

## INTRODUCTION

On June 10, 2011, the Court entered a Protective Order (Dkt. No. 25) in this case. The Protective Order permits the parties to designate as "Confidential" information that "consists of information, items or materials . . . which reflect or constitute customer lists, billing records, product development documents, financial records, scientific product testing, product formulations, and other similar items, materials and information the Producing Party believes in good faith to constitute confidential information of the Producing Party, or confidential information of some third party which the Producing Party has in its possession . . . ." Protective Order ¶ 1.4.

Under the Protective Order, the parties have agreed to apply to file such confidential and highly confidential information under seal. *See* id. ¶ 17 ("All Litigation Documents to be filed with the Court and designated by either party as containing *Confidential Information* or *Highly Confidential Information* or referring to any previously designated *Confidential Information* or *Highly Confidential Information* shall be filed in accordance with Local Rule 79-5, and the party filing any such Litigation Document shall move the Court to file the document under seal."). Because Plaintiff's Memorandum of Points and Authorities in Support of Motion for Class Certification, the Declaration of Melanie Persinger and Exhibits attached thereto contain copies and discussions of documents designated by Defendant as "Confidential," Plaintiff applies to file these documents under seal.

1

*Kelley Bruno v. Quten Research Institute, LLC et al.*, Case No. 8:11-cv-00173 DOC (Ex)
PLAINTIFF'S APPLICATION TO FILE UNDER SEAL

## ARGUMENT

"[T]he Supreme Court recognize[s] a federal common law right 'to inspect and copy public records and documents.' This right extends to pretrial documents filed in civil cases . . . ." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978)). As such, there is "a strong presumption in favor of access to court records," *id.* at 1135 (citation omitted), unless the documents are "among those which have 'traditionally been kept secret for important policy reasons,'" *id.* at 1134 (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

However, there is an exception to the presumption of access to court records for documents attached to a nondispositive motion and filed under seal pursuant to a valid protective order. *Id.* at 1135 ("'when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted.' . . . [T]he presumption of access [is] rebutted because 'when a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" (quoting *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002))).

Here, Plaintiff attaches confidential exhibits to her nondispositive motion for class certification and applies to file such documents under seal pursuant to the Protective Order entered on June, 2011. Accordingly, the Court should grant her application to file these documents under seal.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's application to file under seal.

2

*Kelley Bruno v. Quten Research Institute, LLC et al.*, Case No. 8:11-cv-00173 DOC (Ex)
PLAINTIFF'S APPLICATION TO FILE UNDER SEAL

| | |
|---|---|
| DATED: September 20, 2011 | Respectfully Submitted, |
| | /s/ Gregory S. Weston |
| | **THE WESTON FIRM** |
| | GREGORY S. WESTON |
| | JACK FITZGERALD |
| | MELANIE PERSINGER |
| | 1405 Morena Blvd., Suite 201 |
| | San Diego, CA 92110 |
| | Telephone: 619 798 2006 |
| | Facsimile: 480 247 4553 |
| | |
| | **LAW OFFICES OF RONALD A. MARRON, APLC** |
| | RONALD A. MARRON |
| | 3636 4th Avenue, Suite 202 |
| | San Diego, CA 92109 |
| | Telephone: (619) 696 9066 |
| | Facsimile: (619) 564 6665 |
| | |
| | <u>Counsel for Plaintiff and the Proposed Class</u> |

*Kelley Bruno v. Quten Research Institute, LLC et al.*, Case No. 8:11-cv-00173 DOC (Ex)
PLAINTIFF'S APPLICATION TO FILE UNDER SEAL