| | |
|---|---|
| Evan S. Strassberg (SBN 219336) | Jason M. Kerr (*admitted pro hac vice*) |
| VANTUS LAW GROUP, P.C. | PRICE, PARKINSON & KERR |
| 3165 East Millrock Drive, Suite 160 | 5742 W. Harold Gatty Drive |
| Salt Lake City, UT 84121 | Salt Lake City, UT 84116 |
| Telephone: (801) 833-0500 | Telephone: (801) 517-7088 |
| Facsimile: (801) 932-2500 | Facsimile: (801) 530-2957 |
| evan@vantuslaw.com | jasonkerr@ppktrial.com |

Attorneys for Defendant Quten Research Institute, LLC

| | |
|---|---|
| Anthony M. Keats (SBN 123672) | Peter D. Aufrichtig (*admitted pro hac vice*) |
| E-Mail: akeats@kmwlaw.com | E-Mail: peter@mccarthyfingar.com |
| Larry W. McFarland (SBN 129668) | McCarthy Fingar LLP |
| E-Mail: lmcfarland@kmwlaw.com | 11 Martine Avenue, 12th Floor |
| David K. Caplan (SBN 181174) | White Plains, NY 10606-1934 |
| E-Mail: dcaplan@kmwlaw.com | Telephone: (914) 946-3700 |
| KEATS McFARLAND & WILSON LLP | Facsimile: (914) 946-0134 |
| 9720 Wilshire Boulevard, Penthouse Suite | |
| Beverly Hills, California 90212 | |
| Telephone (310) 248-3830 | |
| Facsimile: (310) 860-0363 | |

Attorneys for Defendant Tishcon Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BRUNO on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>QUTEN RESEARCH INSTITUTE, LLC and TISHCON CORP.,<br><br>Defendants. | Civil Action No.: 11-00173<br><br>**DEFENDANTS' JOINT MOTION TO DECERTIFY THE NATIONWIDE CLASS OR, IN THE ALTERNATIVE, TO RECONSIDER THE CLASS CERTIFICATION ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 27, 2012<br>Time: 8:30 a.m.<br>Ctrm: 9D (Santa Ana)<br>Judge: David O. Carter<br><br>Complaint Filed: Jan. 31, 2011<br>Trial Date: Sep. 4, 2012 |

PLEASE TAKE NOTICE that on February 27, 2012 at 8:30 a.m. in Courtroom 9D of this Court, located at 411 W. Fourth Street, Santa Ana, California 92701, Defendants Quten Research Institute, LLC and Tishcon Corporation ("Defendants") will move the Court for an Order decertifying the nationwide class certified by this Court on November 14, 2011 (the "Class Certification Order") or, in the alternative, for reconsideration of the Class Certification Order.

This motion is made pursuant to Federal Rule of Civil Procedure 23(c)(1)(C) and Local Rule 7-18 and is based on a material change in the applicable law resulting from the Ninth Circuit's decision in *Mazza v. American Honda Motor Co., Inc.*, 2012 U.S. App. LEXIS 626 (9th Cir., Jan. 12, 2012).

This motion is made following the conference of counsel which took place pursuant to Local Rule 7-3 on January 20, 2012.

This motion is supported by the accompanying Memorandum of Points and Authorities, the pleadings and documents on file in this lawsuit and such other evidence as may be presented at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

On January 12, 2012, the Ninth Circuit issued its decision in the case of *Mazza v. American Honda Motor Co., Inc.*, 2012 U.S. App. LEXIS 626 (9th Cir. Jan. 12, 2012). In that case the Ninth Circuit reversed the District Court's certification of a nationwide class of consumers suing under the same consumer protection statutes that underlie the Plaintiffs' claims in this case. Among other things, the Ninth Circuit concluded that: (1) there are "material" differences between California's consumer protection statutes and those of other states; (2) each state has an interest "in balancing the range of products and process offered to consumers with the legal protections afforded to them," and "in being able to assure individuals and commercial entities operating within its territory that applicable limitations on liability set forth in the jurisdiction's law will be available to those individuals and businesses in the event

1

they are faced with litigation in the future;" and (3) the "foreign states have a strong interest in the application of their laws to transactions between their citizens and corporations doing business with their state."

This Court certified a nationwide class under California's Unfair Competition Law, False Advertising Law, Consumer Legal Remedies Act, and for breach of express warranty. *See* Order [Docket No. 73] at 3. In so doing, this Court concluded that the Defendants had not met their burden of demonstrating that any material differences existed between the laws of California and other states, and further that Defendants had not established "that the law of another forum was more appropriate." Because the Ninth Circuit's decision in *Mazza* definitively establishes that: (1) there are material differences between the consumer protection laws of California and those of other states; and (2) it is not the defendants' burden in a class action to prove that one state's laws must apply to a nationwide class, the nationwide class certified by this Court should be decertified or, in the alternative, reconsidered in light of a significant subsequent change or clarification in the law.

## ARGUMENT

### I. THE LEGAL STANDARDS

#### A. The Standard for Decertification

The Supreme Court has long recognized that a "[certification] order, particularly during the period before any notice is sent to members of the class, is inherently tentative." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (internal quotations omitted). Thus, "[e]ven after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Id.* A District Court's discretion to revisit a class certification order is expressly provided for in Rule 23(c)(1)(C): "An order that grants or denies class certification may be altered or amended before final judgment." The party seeking to decertify a class bears the burden of demonstrating why class certification is no longer appropriate. *See Slaven v. BP America, Inc.*, 190 F.R.D. 649, 651 (C.D. Cal. 2000).

Decertification is appropriate here because a significant change of law has emerged since the Court issued its Class Certification Order. In *Mazza*, the Ninth Circuit held, *inter alia*, that: (1) there were "material differences" between California's consumer protection statutes and similar statutes in many other states; (2) each of the 44 states in which sales of the automobiles at issue were made "has a strong interest in applying its own consumer protection laws to those transactions;" and (3) "each foreign state has an interest in applying its law to transactions within its borders and … if California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce." 2012 U.S. App. LEXIS 626 at *19-29. The Ninth Circuit's findings and ruling in *Mazza* directly implicate the nationwide class certified in this case, making decertification wholly appropriate.

### B. The Standard for Reconsideration

Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Reconsideration is appropriate here because The Ninth Circuit's analysis and ruling in *Mazza* constitute a material change of law that has emerged since this Court issued its Class Certification Order.

3

## II. THE *MAZZA* DECISION

The plaintiffs in *Mazza* were purchasers of Acura vehicles who claimed that Honda had falsely advertised certain features of its Collision Mitigation Braking System ("CMBS"). The District Court certified a nationwide class and concluded that California's consumer protection statutes, including the UCL, CLRA, and False Advertising law, would apply to all class members' claims. California consumers accounted for approximately 20 percent of the proposed class—more than any other state. However, vehicles at issue were sold in 44 different states. The District Court rejected Honda's argument that material differences existed among the consumer protection laws of the 44 states where vehicles were sold and concluded that California's interest in applying its own statutes trumped any competing interests of any other state.

The Ninth Circuit reversed the District Court and decertified the class. While there were several issues addressed by the Ninth Circuit, the findings of most consequence to this Motion were: (1) there were "material differences" between California's consumer protection statutes and similar statutes in many other states; (2) each of the 44 states in which sales of the automobiles at issue were made "has a strong interest in applying its own consumer protection laws to those transactions;" and (3) "each foreign state has an interest in applying its law to transactions within its borders and … if California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce." Based on these three findings the Ninth Circuit held that the District Court erred by applying California law to the nationwide class and remanded the case for further proceedings.

## III. AFTER *MAZZA*, APPLICATION OF CALIFORNIA'S CHOICE OF LAW ANALYSIS DEMONSTRATES THAT CALIFORNIA LAW SHOULD NOT APPLY TO A NATIONWIDE CLASS.

The product at issue in this case—Liquid Qunol CoQ10 with an "up to 6X" claim ("Qunol Liquid")—was sold in retail stores across the country in national retailer Costco. As submitted by both Parties in their Certification Motion papers and found by this Court in its Certification Order, only about 30% of the sales were made in the State of California.  Order at p. 20 (citing to Motion at p. 22)

As this Court recognized in its Class Certification Order, and the *Mazza* Court reiterated, the question of whether to apply California law to the class as a whole requires a three-part inquiry:

- First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different;

- Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists;

- Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

*Mazza* at *16.

Because the Ninth Circuit has now analyzed each of these elements in the context of consumer protection statutes and concluded that California law cannot apply to a nationwide class, this Court's Class Certification Order should be reconsidered and modified to include only consumers who purchased Qunol Liquid in California.

5

### A. There are Material Differences Between the Consumer Protection Laws of California and Other States.

The Ninth Circuit concluded that, contrary to the District Court's finding, there were "material" differences between the California laws on which the plaintiffs' claims were based and similar consumer protection statutes in other states. Although the court did not discuss at length what those differences were, it did note certain examples that are relevant to this action. [1]

One example was the imposition of a scienter requirement by several states, including Colorado, New Jersey, and Pennsylvania before liability for misleading advertising can be imposed. *See id.* at *18-19. A citizen of one of the states who purchased Qunol Liquid from a Costco store in his own neighborhood would, under his own State's laws, have no right to sue or recover from Quten unless he could prove scienter. However, if that same person—who may never even have set foot in California—were included as a member of a nationwide class under California's consumer protection statutes, he could recover without proving any state of mind. This is a clear conflict of law. *See Mazza* at *19 ("We conclude that these are not trivial or wholly immaterial differences. In cases where a defendant acted without scienter, a scienter requirement would spell the difference between the success and failure of a claim.").

Moreover, the Ninth Circuit explained that even if violations are established, there are further material differences in the remedies available through various state laws. *See id.* at *20. While the CLRA permits actual damages, injunctive relief, restitution, punitive damages, the other States' statutory remedies vary and may depend entirely on the willfulness of the defendant's conduct. *See id.* Material

---

[1] Defendants respectfully request this Court to take judicial notice of the state law variations appendix filed by American Honda Motor Company, (Document 94 in case 2:07-cv-07857-VBF, C.D. Cal) (the "Appendix"). In the Appendix, Honda set forth the substantive variations in the consumer protection laws of all 50 jurisdictions. The Ninth Circuit cited extensively from the Appendix in its opinion.

6

conflicts exist at least with the laws of Michigan (which limit recovery to actual damages if the violation was a result of a bona fide error) and New Jersey (requiring treble damages and attorney's fees).

Even the dissenting Justice in *Mazza* pointed out that several states "prohibit class actions that allege unfair trade practices under state law." *Id.* at *38. These jurisdictions include Louisiana, Georgia, Mississippi, Kentucky, Virginia and Alabama. Purchasers of Qunol Liquid in those States would have no right to bring or participate in a class-based claim under the respective laws of these jurisdictions.

The only claim at issue in this case that was not directly addressed in *Mazza* is breach of warranty. It is clear, however, that California's warranty laws materially conflict with the warranty laws of numerous other states.[2] While a majority of states do not require reliance as an element of an express warranty claim, significant numbers of other states specifically require reliance on seller's statements to recover, and a small minority allow for a presumption of reliance based on affirmations of the seller. *See In re Hitachi Television Optical Block Cases*, 2011 U.S. Dist. LEXIS 135, *17-18 (S.D. Cal. 2011).[3] Similarly, while California requires privity for an implied warranty, at least 18 other states have no such privity requirement. *See id.* California's requirements materially conflict with those of Colorado, New Jersey, Oklahoma, South Carolina, and West Virginia with respect to privity and reliance requirements. *See* Warranty Appendix.

These documents and *Mazza* demonstrate the wide variations in the requirement of the consumer protection and warranty laws from State to State. The first element of

---

[2] Defendants request this Court to take judicial notice of the state law variations appendix filed by Hitachi America Corp., on November 19, 2010, as document 144-1, Case 3:08-cv-01746, (the "Warranty Appendix") setting forth, among other things, substantive variations in the warranty laws of all 50 states.

[3] The Ninth Circuit noted in the context of consumer protection statutes that differences in the reliance requirements imposed by different states were material. *See Mazza* at *19.

7

the three part test is therefore satisfied requiring an analysis of the second and third parts of California's choice of law test.[4]

### B.     The Other States in Which Qunol Liquid was Sold Have a "Strong Interest" in Applying their Laws to Consumer Transactions.

The fundamental policy consideration that the District Court ignored in *Mazza* was "that each foreign state has an interest in applying its law to transactions within its borders and that, if California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce." *Mazza* at *25.  The Ninth Circuit, citing to the official "Findings" supporting the enactment of the Class Action Fairness Act, noted that the state court practice of "making judgments that impose their view of the law on other States and bind the rights of the residents of those states" was one of the very things that CAFA "was aimed at stopping." *Id.*  Ultimately the Ninth Circuit concluded that it is the province of each individual state legislature—not "particular district courts within our circuit"—to strike the "optimal balance between protecting consumers and attracting foreign business…." *Id.* at *26.

The Ninth Circuit further explained:

---

[4] The Ninth Circuit is by no means the first court to recognize the considerable variation between state consumer protection laws.  *See, e.g., In re Bridgestone/Firestone Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1018 (7th Cir. 2002) ("State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules."); *In re McDonald's French Fries Litig.*, 257 F.R.D. 669, 673-674 (N.D. Ill. 2009) ("Here, plaintiffs seek nationwide certification for claims of unjust enrichment, violation of consumer protection statutes, and breach of express warranty. While plaintiffs note some limited circumstances in which application of a single state's laws may be appropriate for a nationwide class action, they make no showing that those circumstances are present here and they fail to provide any choice of law analysis. Numerous courts, including the Seventh Circuit, have dealt with this question. Overwhelmingly, those courts have found material conflicts among the fifty states' laws on the claims plaintiffs bring in this case and have denied class certification, at least in part, on that basis.").

8

> Each of our states has an interest in balancing the range of products and prices offered to consumers with the legal protections afforded to them. Each of our states also has an interest in "being able to assure individuals and commercial entities operating within its territory that applicable limitations on liability set forth in the jurisdiction's law will be available to those individuals and businesses in the event they are faced with litigation in the future. *McCann*, 48 Cal. 4th at 97-98. These interests are squarely implicated in this case.

*Id.* at *24.

Because the Ninth Circuit has now definitively concluded that each state has a "strong interest" in applying its own laws to consumer transactions occurring within its own territory, the final element of the choice of law analysis—the balancing of the competing states' interests—must be considered.

### C.  Foreign States' Interests in Applying Their Laws to Transactions Occurring Within Their States Outweigh California's Interest in Regulating Out-of-State Transactions.

This Court, like the District Court in *Mazza*, certified a nationwide class and held that California law, including three of its consumer protection statutes, could apply even to foreign consumers who purchased the product at issue in distant states. The class certified consists of persons who purchased Liquid Qunol CoQ10 "in packaging stating that Qunol offers **six** times better absorption or effectiveness." Class Certification Order [Docket No. 73] at 23:26 – 24:3. Thus, consumers became class members when they saw the advertisement at issue (the package) and purchased the product.

As explained in *Mazza*, each State, where class members reside, has an interest in regulating conduct within its borders, and the *actual place of the wrong* has the predominant interest. *See Mazza* at *26. California considers the *place of the wrong*

9

to be the State where the last event necessary to make the actor liable occurred. *See id.* For the seventy percent of class members residing outside of California, the last event necessary for liability to attach occurred at the various nationwide Costco locations, outside of California. By applying California law to the entire class, the legislatures and courts of foreign States would be significantly "impaired in their ability to calibrate liability to foster commerce." *Id.* at *25.

Here, as in *Mazza*, "the last events necessary for liability as to the foreign class members—communication of the advertisements to the claimants and their reliance thereon in purchasing vehicles—took place in various foreign states, not in California." *Id.* at *27. As the Ninth Circuit held in *Mazza*: "[t]hese foreign states have a strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state." *Id.* California, in contrast, has merely an "attenuated" interest "in applying its law to residents of foreign states….." *Id.* Moreover, "courts should not attempt to apply the laws of one state to behaviors that occurred in other jurisdictions." *Id.* at *25 (internal quotations and citations omitted).

Nothing in the *Mazza* decision suggests that the particular context of the case or the nature of the products at issue (automobiles) in any way limits the scope of the Ninth Circuit's conclusions. Although the Ninth Circuit stated that its conclusion was based on "the facts and circumstances of this case," the Ninth Circuit made no effort to explain why the purchase of a vehicle is of greater importance to a state than any other type of consumer sale, including sales of nutritional supplements. Where the state consumer protection statutes themselves do not distinguish between the kinds of goods at issue, the distinction is irrelevant for purposes of assessing and weighing each state's interest in crafting and enforcing its own laws.

In fact, the Ninth Circuit stated broadly that the District Court erred in failing to "adequately recognize that each foreign state has an interest in applying its laws to transactions within its borders and that, if California law were applied to the entire

10

class, foreign states would be impaired in their ability to calibrate liability to foster commerce." *Id.* at *25. These policy concerns apply equally to all kinds of consumer transactions. Each state ultimately is allowed to enact and enforce laws that reflect these very significant policy judgments.

In light of the Ninth Circuit's analysis and ruling in *Mazz*a, California's interest in applying its own consumer protection laws to transactions for Qunol Liquid that took place outside California is too attenuated to support the certification of a nationwide class under California law.

### D.  Defendants Are Not Required to Demonstrate that Any Other State's Law Should Apply to the Class as a Whole.

The Ninth Circuit did not require, as a precondition to decertification, that the Defendants demonstrate that the law of any other forum should apply to the class as a whole. In fact, the Ninth Circuit expressly "note[d] that Plaintiffs' argument that California law is the best choice for this nationwide class is based on a ***false premise that one state's law must be chosen to apply to all 44 jurisdictions***." *Id.* at *28. (emphasis added). In the concluding paragraph of its opinion, the Ninth Circuit stated that "variances in state law overwhelm common issues and preclude predominance of a single nationwide class." *Id.* at *34-35. Thus, although this Court found that the Defendants had not carried their burden to demonstrate "that the law of another forum is more appropriate," the Ninth Circuit's decision in *Mazza* makes clear that Defendants have no such burden.

### CONCLUSION

Applying the Ninth Circuit's guidance in *Mazza*, Defendants respectfully request this Court to reconsider certification under California law, and hold that each class member's consumer protection claim should be governed by the consumer protection laws of the State in which the transaction took place. Because the Ninth Circuit has now definitively held that material differences exist between California's consumer protection statutes and similar laws in other states, and further that each

11

such state has a significant interest in enforcing its own iteration of those laws in transactions occurring within its boundaries, the nationwide class certified in this case should be decertified, or the Class Certification Order should be modified to include only those who purchased Qunol Liquid with the "up to 6X" claim in California.

Dated this 30th day of January, 2012.

VANTUS LAW GROUP, P.C.

/s/ Evan S. Strassberg
Evan S. Strassberg (219336)

PRICE, PARKINSON & KERR

/s/ Jason M. Kerr
Jason M. Kerr (*Pro Hac Vice*)

Counsel for Defendant Quten Research Institute LLC

KEATS McFARLAND & WILSON LLP

/s/ Anthony M. Keats
Anthony M. Keats (123672)
Larry W. McFarland (129668)
David K. Caplan (181174)

McCARTHY FINGAR LLP

/s/ Peter D. Aufrichtig
Peter D. Aufrichtig (*Pro Hac Vice*)

Counsel for Defendant Tishcon Corporation