**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
COURTLAND CREEKMORE (182018)
*courtland@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

LAW OFFICES OF RONALD A. MARRON, APLC
RONALD A. MARRON (175650)
*ron.marron@gmail.com*
MAGGIE REALIN (263639)
*maggie.realin@yahoo.com*
B. SKYE RESENDES (278511)
*skye.esq@gmail.com*
3636 4th Street, Suite 202
San Diego, CA 92103
Telephone: (619) 696-9066
Facsimile: (619) 564-6665

<u>Class Counsel</u>

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KELLEY BRUNO, on Behalf of Herself and All Others Similarly Situated,

    Plaintiff,

v.

QUTEN RESEARCH INSTITUTE, LLC, et al.,

    Defendants.

Case No: SACV 11-00173 DOC (Ex)

**OPPOSITION TO DEFENDANTS' MOTION TO DECERTIFY THE NATIONWIDE CLASS OR RECONSIDER THE CLASS CERTIFICATION ORDER**

Judge: The Hon. David O. Carter
Date: February 27, 2012
Time: 8:30 a.m.
Courtroom: 9D (Santa Ana)

## I. INTRODUCTION

Defendants' motion for decertification or reconsideration should be denied.[1] The Ninth Circuit's holding in *Mazza* is not a "material change of law," *see, e.g.*, Mot. at 8 n.4,[2] and did not affect California's choice-of-law rules, which this Court properly applied. *Bruno v. Quten Research Inst., LLC*, -- F.R.D. --, 2011 U.S. Dist. LEXIS 132323, at *35-43 (C.D. Cal. Nov. 14, 2011). It was Plaintiff's adequate demonstration of Due Process and Defendants' failure to sustain their burden—and not an improper application of law—which led the Court to conclude that applying California law to a nationwide class was appropriate. *Id.* at *40-43. Defendants should not be permitted a "mulligan" simply because the Ninth Circuit held that a different court in a different case committed error in addressing arguments that were available to Defendants here, but which they did not make.

## II. ARGUMENT

### A. *Mazza* Does Not Justify Reconsideration of this Court's Proper Application of Choice-of-Law

During class certification briefing in *Mazza*, Honda "exhaustively detailed the ways in which California law differs from the laws of the 43 other jurisdictions in which class members reside," and the "district court acknowledged that differences existed, but it found that Honda had not met its burden of demonstrating that any of these differences were material." *Mazza v. Am. Honda Motor Co.*, 2012 U.S. App. LEXIS 626, at *18 (9th Cir. Jan. 12, 2012).

---

[1] Defendants' 12-page Memorandum violates C.D. Cal. Civ. L.R. 11-8, requiring a Table of Contents and Table of Authorities for any brief exceeding ten pages in length.

[2] *See also Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 485-86 (N.D. Cal. 2011) (finding material differences in state consumer law); *In re HP Inkjet Printer Litig.*, 2008 U.S. Dist. LEXIS 56979, at *21-22 (N.D. Cal. July 25, 2008) (finding material differences in statutes of limitation, scienter, and calculation of damages); *In re Hitachi TV Optical Block Cases*, 2011 U.S. Dist. LEXIS 135, at *16-18 (S.D. Cal. Jan. 3, 2011) (collecting cases and finding material differences in state consumer and warranty laws).

1

*Bruno v. Quten Research Institute. et al.*, Case No. SACV 11-00173 DOC (Ex)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR DECERTIFICATION OR RECONSIDERATION

Here, by contrast, "Defendants provide[d] no law from any jurisdiction for the Court to consider, instead citing another court's conclusion that 'there are material conflicts between California's consumer protection laws and the consumer protection laws of the other forty-nine states.'" *Bruno*, 2011 U.S. Dist. 132323, at *41 (record citations omitted). This was insufficient, however, because "Defendant has the burden of showing that there is an actual conflict between California and other law. . . . '*on the facts of this case*.'" *Id.* at *42 (emphasis added) (citing *Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 921 (2001); *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 995 (9th Cir. 2010)). There was nothing to prevent Defendants from arguing, as did Honda, that the law of other states conflicts with California law, and that those states have a greater interest in applying their law. But Defendants did not make that argument.

Because this Court's certification Order applied the correct legal standard, it is fully consistent with *Mazza's* limited holding. For example, both the *Mazza* court and this one acknowledged the long-standing rule that, in deciding whether a nationwide class may be certified, a court sitting in diversity applies the choice-of-law rule of the state in which it sits. *Mazza*, 2012 U.S. App. LEXIS 626, at *15 (quoting *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001)); *Bruno*, 2011 U.S. Dist. LEXIS 132323, at *36 (citing *Klaxon Co. v Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The two courts similarly identified and applied the identical three-step governmental interest test. *Mazza*, 2012 U.S. App. LEXIS, at *16; *Bruno*, 2011 U.S. Dist. LEXIS 132323, at *40. In doing so, both the *Mazza* court and this Court relied primarily on the California Supreme Court's decision in *Washington Mutual*, 24 Cal. 4th 906, with *Mazza* citing or quoting the opinion four times and this Court three.

Applying California law under these principles, the *Mazza* court did not modify it, as Defendants contend, but held the district court erred in applying it. Thus, as Defendants acknowledge, Mot. at 10, the *Mazza* court repeatedly made clear that its holding was limited to the facts before it. See *Mazza,* 2012 U.S. App. LEXIS 626, at *24 ("These interests are squarely implicated *in this case*"); at *28 ("necessary to achieve

2

that interest *in this case*."); and at *28 ("***Under the facts and circumstances of this case***, we hold . . . .") (emphases added).[3]

In sum, the *Mazza* court's holding that Honda had in fact met its burden of demonstrating material differences of law on the facts of that case, does not undermine this Court's holding that Defendants failed to meet their burden here. Defendants cannot profitably rely on the work of a different party in a different case with different facts—or on the Ninth Circuit finding error in a district court rejecting an argument Defendants did not themselves present to this Court—to correct their failure. *Mazza* has not changed the rule that "if the foreign law proponent fails to identify any actual conflict or to establish the other state's interest in having its own law applied, even if there were a conflict, California law would prevail . . . ." *Bruno*, 2011 U.S. Dist. LEXIS 132323, at *42-43 (quoting *Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, 2000 U.S. Dist. LEXIS 13138, at *59 (S.D.N.Y. Sept. 12, 2000)).

Moreover, "the United States Supreme Court has instructed that 'multi-state, and even nationwide class actions can be, and are, maintained in many instances.'" *Khorrami v. Lexmark Int'l*, 2007 U.S. Dist. LEXIS 98807, at *12 (C.D. Cal. Sept. 13, 2007) (quoting *Rios v. State Farm Fire & Cas. Co.*, 469 F. Supp. 2d 727, 740-41 (S.D. Iowa 2007) (in turn citing *Philips Petroleum Co. v. Shutts*, 472 U.S. 797, 797 (1985))). If the *Mazza* decision is interpreted and applied as broadly as Defendants urge, however—that is, if the Court holds that *as a matter of law* state consumer law materially differs *in all cases* and other states have a greater interest in the application of their law *in all cases*—this would forevermore preclude the certification of nationwide classes in California. This is not likely the result the Ninth Circuit intended.

---

[3] Even "on the facts and circumstances of" *Mazza*, only one Ninth Circuit judge found error in Judge Fairbank's certification order. Judge Nelson found no error, dissented and "strongly disagree[d]" with parts of the decision. *See* 2012 U.S. App. LEXIS 626, at *36-42. The tie was broken by the Honorable James S. Gwen of the Northern District of Ohio, sitting by designation.

3

*Bruno v. Quten Research Institute. et al.*, Case No. SACV 11-00173 DOC (Ex)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR DECERTIFICATION OR RECONSIDERATION

Finally, Defendants' alternative argument, that the Court burdened them with showing that the law of *a single* other state should apply, Mot. at 11, is demonstrably wrong. *See Bruno*, 2011 U.S. Dist. LEXIS 132323, at *40 (discussing governmental interest test with respect to other *jurisdictions*, plural).

### B. Defendants' Requests for Judicial Notice are Improper

In opposing class certification, Defendants requested that the Court rely on the *Hitachi* decision to find material conflicts of law, which the Court rejected. *See Bruno*, 2011 U.S. Dist. LEXIS 132323, at *41. Defendants' instant motion again suffers this defect. Having failed their burden once, Defendants again cite *Hitachi* and ask the Court "to take judicial notice of the state law variations appendix filed by Hitachi," Mot. at 7 & n.2, as well as "to take judicial notice of the state law variations appendix filed by American Honda Motor Company" in *Mazza*, *id.* at 6 n.1.

By doing so, Defendants' motion for reconsideration improperly "repeat[s] . . . written argument made in . . . opposition to the original motion." C.D. Cal. Civ. L.R. 7-18. But the request is also for an improper purpose. Having failed their burden in opposing class certification, Defendants now ask the Court to disregard their failure because another party in another case with different facts advanced a superior argument to achieve a different result. Thus, Defendants are not simply asking this Court to judicially recognize the existence of documents filed in *Mazza*; they want the benefit of Honda's analysis after failing to present any analysis themselves. A party may not, however, request judicial notice of how a matter of public record should be interpreted, e.g., the parties' underlying arguments and conclusions of applicable facts or law, even when the contents of that record may be judicially noticed. *See United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).[4]

---

[4] Defendants' requests for judicial notice made in footnotes of its memorandum are also procedurally defective. "A party requesting the court to take judicial notice should file a written 'Request for Judicial Notice' directing the court's attention to the material sought

4

*Bruno v. Quten Research Institute. et al.*, Case No. SACV 11-00173 DOC (Ex)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR DECERTIFICATION OR RECONSIDERATION

## III. CONCLUSION

Defendants' Motion should be denied.

Dated: February 6, 2012          /s/ Gregory s. Weston
                                 Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON (239944)
JACK FITZGERALD (257370)
MELANIE PERSINGER (275423)
COURTLAND CREEKMORE (182018)
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:  (619) 798-2006
Facsimile:   (480) 247-4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
MAGGIE REALIN (263639)
B. SKYE RESENDES (278511)
3636 4th Street, Suite 202
San Diego, CA 92103
Telephone:   (619) 696-9066
Facsimile:    (619) 564-6665

**Class Counsel**

---

to be judicially noticed. . . . Copies of the materials sought be noticed ***should be attached*** to the request." Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. P. BEFORE TRIAL, 12-22 (Rutter Group 2011) (emphasis added).

5

*Bruno v. Quten Research Institute. et al.*, Case No. SACV 11-00173 DOC (Ex)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR DECERTIFICATION OR RECONSIDERATION