**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0173 DOC (Ex)                                   Date: March 6, 2012

Title: <u>KELLEY BRUNO V. ECKHART CORPORATION, ET AL.</u>

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                         None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING MOTION TO DECERTIFY CLASS OR RECONSIDER ORDER CERTIFYING CLASS**

       Before the Court is a Motion to Decertify Nationwide Class or In the Alternative Reconsider the Class Certification Order ("Motion") filed by Defendants Tischon Corporation and Quten Research Institute LLC (collectively, "Defendants"). (Dkt. 86). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

       Defendants move to decertify the class under two alternative procedural rules: (1) Federal Rule of Civil Procedure 23(c)(1)(C), which vests federal courts with the discretion to amend class certification before a final judgment; and (2) Local Rule 7-18, which allows a party to move a court to reconsider a prior decision in certain circumstances. Defendants contend that a recent Ninth Circuit case, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), represents a material change in the law.

       Defendants' argument fails because *Mazza* is not a material change in the law, given that:(1) *Mazza* did not and could not change *state* substantive law articulated by the California Supreme Court; (2) *Mazza* did not and could not overrule Ninth Circuit precedent interpreting state law; and (3) Defendants' interpretation of *Mazza* contradicts the express purpose of the Class Action Fairness Act. Alternatively, *Mazza* is distinguishable from the present case because Defendants' briefing in the prior motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                                  Date: March 2, 2012
                                                                Page 2

differs from that of the defendants in *Mazza* and the facts of this case differ from those in *Mazza*.

Thus, after considering the moving, opposing, and replying papers, the Court DENIES the Motion.

## I.   Background

Plaintiff Kelley Bruno ("Plaintiff") purchased a liquid product that claimed on its packaging to have six times better absorption and effectiveness than the equivalent active ingredient in competing brands. *Bruno v. Quten Research Inst., LLC*, No. SACV 11–00173 DOC(Ex), 2011 WL 5592880 at *1 (C.D.Cal. 2011). Plaintiff filed a putative class action against Defendants Tischon Corporation and Quten Research Institute LLC (collectively, "Defendants"), the manufacturer and marketer of the product respectively. *Id.* Plaintiff alleged that Defendants' statements about the liquid product's better absorption and effectiveness were misrepresentations. *Id.*

### a.   This Court's class certification order

Plaintiff moved to certify a class based on Defendants' alleged violations of the following California laws: (1) California's Unfair Competition Law (UCL); (2) False Advertising Law (FAL); (3) Consumer Legal Remedies Act (CLRA); and (3) breach of express warranty. *Id.* at *2.

After considering the papers and oral argument, this Court certified a nationwide class in an Order issued on November 14, 2011. In relevant part, this Court's Order held that application of California law to a nationwide class comported with Due Process, citing several decisions reaching the same conclusion under the same California causes of action at issue here. *Id.* at *12-13.

The Court explained that, "[u]nder California law, once Plaintiff makes this showing that due process is satisfied, the burden shifts to Defendants to show that the laws of another state should apply." *Id.* at *12 (citing Wash. *Mut. Bank, FA v. Superior Court*, 24 Cal.4th 906, 921 (2001). Having concluded that "application of California law to the claims of the class does not violate due process," the Court stated that "it is Defendants' burden to show that the law of another forum, rather than California law,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                             Date: March 2, 2012
                                                           Page 3

should apply." *Id.* at *13 (citing *Wash. Mut. Bank, FA v. Superior Court*, 24 Cal.4th 906, 921 (2001).

The Court then explained that, "[u]nder California's choice-of-law analysis, also referred to as the 'governmental interest test," a court must: (1) first determine whether the relevant law is the same or different across the affected jurisdictions; (2) if there is a difference in the law, proceed to analyze each jurisdiction's interest in the application of its own law to the particular circumstances to determine whether a true conflict exists; and (3) if a true conflict exists, weigh the strengths of the interests to determine which state's interest would be more impaired by not having its law applied." *Id.* (citing *Kearney v. Salomon Smith Barney*, 39 Cal.4th 95, 107-08 (2006). The Court explained that the "first step requires a court to find that there is a 'material difference' between the different states laws 'on the facts of this case.'" *Id.* (quoting *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 995 (9th Cir.2010)).

The Court concluded that Defendants had not met their burden to establish the first element of the California choice-of-law analysis. The Court explained that "Defendants provide[d] no law from any jurisdiction for the Court to consider, instead citing another court's conclusion that 'there are material conflicts between California's consumer protection laws and the consumer protection laws of the other forty-nine states.'" *Id.*, 2011 WL 5592880 at *13. This was insufficient because Defendants had "the burden of showing that there is an actual conflict between California and other law. . . . 'on the facts of this case.'" *Id.* at *14.

### b. Subsequent Ninth Circuit case *Mazza v. American Honda Motor Co.*

On January 12, 2012, the Ninth Circuit issued a decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) that vacated a certification of a nationwide class. In *Mazza*, the plaintiffs alleged that a car company made various misrepresentations in six different marketing campaigns using different media regarding a technology package in its cars. The plaintiffs brought claims under four California causes of action: (1) UCL; (2) FAL; (3) CLRA; and (3) unjust enrichment. *Mazza*, 666 F.3d at 587.

*Mazza* followed the same California choice-of-law rules this Court applied to decide whether California law governed the nationwide class. In its analysis, *Mazza* explained that the defendant "exhaustively detailed the ways in which California law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                             Date: March 2, 2012
                                                                                                         Page 4

differs from the laws of the 43 other jurisdictions." *Id.* at 591. The plaintiffs did "not contest these differences" in certain laws. *Id.* at 591 n.3. The Ninth Circuit did not raise or refute any argument by plaintiffs regarding these differences. *Id.* at 590-91.

The Court ultimately concluded that "[u]nder the facts and circumstances of this case, we hold that each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Id.* at 594.

### c. Defendants' current motion

On January 30, 2012, Defendants filed the present Motion to Decertify Nationwide Class or In the Alternative Reconsider the Class Certification Order ("Motion"). (Dkt. 86). The Motion challenges only this Court's prior holding that Defendants had not met their burden under California's choice-of-law analysis. Defendants do not dispute the Court's conclusion that application of California law comports with Due Process. *See* Reply at 5:6-7.

## II. Legal Standard

Once a class is certified, the parties can be expected to rely on it, conduct discovery, prepare for trial, and engage in settlement discussions on the assumption that it will not be altered except for good cause. *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 409-10 (C.D. Cal. 2000).

### a. Standard for Decertification under Rule 23

In considering a motion to decertify, a court must reevaluate whether the class continues to meet the requirements of Rule 23. *Id.* at 410. However, the decision on whether to decertify lies within the court's sound discretion. *Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816 (9th Cir. 1997).

As the movant, the party seeking decertification of a class bears the burden of demonstrating that the elements of Rule 23 have not been established. *Weigele v. Fedex Ground Package Sys.*, 267 F.R.D. 614, 617 (S.D. Cal. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                                  Date: March 2, 2012
                                                                Page 5

### b. Standard for a Motion for Reconsideration

Local Rule 7-18 allows a motion for reconsideration to be brought on "only" the following grounds: (1) facts or law that "could not have been known" to the movant at the time of the decision given the "exercise of reasonable diligence"; (2) new material facts or a change of law; or (3) a "manifest showing of a failure to consider material facts presented." L.R. 7-18.

### III. Decertification Is Not Warranted Because *Mazza* Did Not Change State Law

Defendants contend that this Court must reconsider its holding that Defendants failed to meet their burden under the California choice-of-law rules to show that the law of a state other than California should apply because a recent Ninth Circuit case has resulted in a material "change" in the law. Mot. at 2. The Ninth Circuit case in question is *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).

Defendants' argument fails because *Mazza* is not a material change in the law, given that: (1) *Mazza* did not and could not change *state* substantive law articulated by the California Supreme Court; (2) *Mazza* did not and could not change Ninth Circuit precedent interpreting state law; and (3) Defendants' interpretation of *Mazza* would contradict the express purpose of CAFA.

#### a. *Mazza* did not and could not change California choice-of-law rules articulated by the California Supreme Court

It is well-established that where, as here, a federal court sits in diversity jurisdiction, the court must follow substantive "state law as announced by the highest court of the State," even when "the application of a federal statute is involved."[1] *C.I.R. v.*

---

[1] This Court, like the Ninth Circuit in *Mazza*, followed California's choice-of-law rules to decide whether California law applied to a nationwide class because a federal court with diversity jurisdiction must apply the substantive laws of the forum state. *See Bruno*, 2011 WL 5592880 at *13-14 n.7 (explaining that the Court had "diversity jurisdiction under 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act)" and citing *Klaxon Co v Stentor Elec Mfg. Co.*, 313 U.S. 487, 496 (1941)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0173 DOC (Ex)                                Date: March 2, 2012
                                                                                                                     Page 6

*Bosch's Estate*, 387 U.S. 456, 465 (1967) (explaining *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *see also Manalis Finance Co. v. U.S.*, 611 F.2d 1270, 1272 (9th Cir. 1980) (citing *Bosch's Estate* for the proposition that "when application of a federal statute depends on an issue of state law, a federal court should defer to the ruling of the highest court of the state on that issue"); 19 Fed. Prac. & Proc. Juris. § 4507 (2d ed.).

       A federal appellate court interpreting state law can not change or ignore the decisions of the highest state court because the "highest state court *is* the final authority on state law." *See Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 177-78, 180 (1940) (emphasis added) (reversing Third Circuit decision that discounted "contrary decisions" by state courts as "not binding" because the "federal court was not at liberty to undertake the determination of that question on its own reasoning independent of the construction and effect which the State itself accorded").

       Defendants interpret *Mazza* to hold that *as a matter of law*: (1) defendants do not bear the burden in California's choice-of-law analysis; and (2) California and other states' consumer laws materially differ *in all cases* and other states have a greater interest in the application of their law *in all cases*.

       Here, the California Supreme Court has expressly ruled on the two points of state law that Defendants contends *Mazza* has now changed. *See* Mot. at 2. First, the California Supreme Court has expressly held that California's choice-of-law analysis, also referred to as the "governmental interest test," places the burden on the *defendant* to show that another state's law, rather than California law, should apply to class claims. *See Washington Mutual Bank, FA v. Superior Court*, 24 Cal.4th 906, 921 (2001). Second, the California Supreme Court has expressly held that California's choice-of-law analysis must be conducted on a case-by-case basis because it requires analyzing various states' laws "under the circumstances of the *particular* case" and given "the *particular* [legal] issue in question." *See Kearney v. Salomon Smith Barney*, 39 Cal. 4th 95, 107-08 (2006) (emphasis added).

       Thus, contrary to Defendants' contention, the decision in *Mazza* did not and could not change the California choice-of-law rules announced by the California Supreme Court.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0173 DOC (Ex)                                                   Date: March 2, 2012
                                                                                                        Page 7

### i. *Mazza* did not and could not reassign the burden established by the California Supreme Court

Defendants contend that "*Mazza* definitively established that . . . it is not defendants' burden in a class action to prove that one states' laws must apply to a nationwide class." *See* Mot. at 2, 11.

First, to the extent that Defendants argue that *Mazza* reassigned Defendants' burden under California's choice-of-law rules, neither *Mazza* nor any federal court could change this part of state law because the California Supreme Court has already spoken on the issue. The California Supreme Court has expressly held that, when conducting a California choice-of-law analysis, the defendant must "shoulder the burden of demonstrating that foreign law, rather than California law, should apply to class claims." *Washington Mutual*, 24 Cal.4th at 921 (2001). The burden in determining choice-of-law is substantive state law. *See Klaxon Co v Stentor Elec Mfg. Co.*, 313 U.S. 487, 496 (1941); Rutter Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 1-B § 1:176 ("Choice of law rules are . . . 'substantive' for *Erie* purposes."); *see also id.* at § 1:175 ("The burden of proof or burden of persuasion applicable to a particular claim or issue is 'substantive' for *Erie* purposes."). Because the "highest state court is the final authority on state law," no federal court interpreting California law could change the California Supreme Court's assignment of the burden to the defendant. *See Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 177-78, 180 (1940).

Second, the language of *Mazza* belies Defendants' claim that the Ninth Circuit was attempting to change state law. In fact, *Mazza* quoted the *same* California Supreme Court case relied upon in this Court's prior Order to explain that, after the plaintiff has shown that California law comports with due process, "the burden shifts to the other side to demonstrate 'that foreign law, rather than California law, should apply to class claims.'" *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) (quoting *Washington Mutual Bank, FA v. Superior Court*, 24 Cal.4th 906, 921 (2001)); *compare id. with Bruno v. Quten Research Inst., LLC*, No. SACV 11–00173 DOC(Ex), 2011 WL 5592880 at *12 (C.D.Cal. 2011) ("Under California law, once Plaintiff makes this showing that due process is satisfied, the burden shifts to Defendants to show that the laws of another state should apply."). Thus, *Mazza* did not announce a change in the law regarding Defendants' burden.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                                Date: March 2, 2012
                                                                                                                            Page 8

---

      Third, not only has the California Supreme Court definitively spoken on this issue, but this Court's decision was consistent with those of other district courts applying California choice-of-law rules. District courts routinely hold that the "court presumes that California law controls unless and until defendants show that choice of law problems render the common law claims inappropriate for class treatment." *See e.g., In re MDC Holdings Securities Litigation*, 754 F.Supp. 785, 803-04, 808 (S.D.Cal. 1990) (applying California law to nationwide class because defendant "has not made any attempt to satisfy the [California] three-part governmental interest test"); *In re Seagate Technologies Sec. Litigation*, 115 F.R.D. 264, 269, 274 (N.D. Cal. 1987) (applying California law to nationwide class because "[a]bsent the defendant carrying [its] burden, California law would govern the foreign state plaintiffs' claims" and noting several other decisions reaching this conclusion).

      Finally, to the extent that Defendants argue that the Court burdened them with showing that the law of *a single* other state should apply to the entire class, this argument is a myopic reading of the Court's prior Order. As the Court previously explained, Defendants' prior briefing provided "no law from any jurisdiction for the Court to consider" and thus Defendants did not meet their "burden of showing that there is an actual conflict between California and other law." *Bruno*, 2011 WL 5592880 at *13-14 (discussing governmental interest test with respect to other "jurisdictions," plural).

      In sum, because *Mazza* did not and could not have changed state law regarding Defendants' burden, the Court DENIES Defendants' motion.

### ii. *Mazza* did not and could not eliminate the case-specific inquiry required by the California Supreme Court

      Defendants contend that "*Mazza* definitively established that . . . there are material differences between consumer protection laws of California and those of other states." *See* Mot. at 2, 11. Essentially, Defendants interpret *Mazza* to hold that *as a matter of law* California and other states' consumer laws materially differ *in all cases* and other states have a greater interest in the application of their law *in all cases*.

      First, neither *Mazza* nor any federal court could change the California Supreme Court's express holding that California's choice-of-law analysis requires analyzing various states' laws "under the circumstances of the *particular* case" and given "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                           Date: March 2, 2012
                                                                                                            Page 9

---

*particular* [legal] issue in question." *See Kearney v. Salomon Smith Barney*, 39 Cal. 4th 95, 107-08 (2006) (emphasis added). Choice-of-law analysis is substantive state law. *See Klaxon*, 313 U.S. at 496. Because the "highest state court is the final authority on state law," no federal court interpreting California law could change the California Supreme Court's holding that, for defendants to meet their burden under California's choice-of-law analysis, they must analyze the law and facts of the *particular* case. *See Fidelity Union*, 311 U.S. at 177-78, 180.

       Second, the language of *Mazza* does not show that the Ninth Circuit was tempting a United States Supreme Court reversal by ignoring or changing state law. Rather, *Mazza* acknowledged that California law requires the defendant to show that differences in state law are "material," that is, they "make a difference in this litigation." *Mazza*, 666 F.3d at 590. Furthermore, *Mazza* several times expressly stated that its holding was reached "[u]nder the facts and circumstances of this case." *Mazza*, 666 F.3d at 594; *see also id.* at 592 (describing each state's interest "in this case"); *id.* at 593 (explaining that those "interests are squarely implicated in this case"); *id*. at 594 (explaining disagreement with dissent given the "interest in this case"). Thus, *Mazza* did not announce a change in state law that would allow Defendants to substitute *Mazza*'s holding in lieu of Defendants' own careful analysis of choice-of-law rules as applied to this particular case.

       Third, not only has the California Supreme Court definitively spoken on this issue, but this Court's decision was consistent with those of other district courts applying California choice-of-law rules. District courts routinely apply the California consumer protection laws at issue in *Mazza* and in the present case—California Consumers Legal Remedies Act (CLRA) and Unfair Competition Law (UCL)—to nationwide classes. *See e.g.*, *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 375-80 (N.D. Cal. 2010) (Walker, J.) (applying California's CLRA and UCL to nationwide class); *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 589 (C.D. Cal. 2008) (same); *Pecover v. Elec. Arts Inc.*, No C 08-2820 VRW, 2010 U.S. Dist. LEXIS 140632, at *53 n.4, 55-56 (N.D. Cal. Dec. 21, 2010) (applying California's UCL and unjust enrichment laws to nationwide class). If *Mazza* was intending to abrogate these holdings, one would expect the Ninth Circuit to have distinguished—or at least mentioned—these cases, which contain excellent reasoning in their choice-of-law analysis and have been cited approvingly several times.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                                          Date: March 2, 2012
                                                                                                                                Page 10

In sum, because *Mazza* did not and could not have changed state law requiring the defendant to analyze various states' laws under the circumstances of the particular case and given the particular legal issue in question, the Court DENIES Defendants' motion.

### b. *Mazza* did not and could not overrule Ninth Circuit precedent

Alternatively, even assuming that the Ninth Circuit could somehow change California law announced by the highest court of that state, a three-judge panel of the Ninth Circuit can not overrule prior Ninth Circuit precedent. *Avagyan v. Holder*, 646 F3d 672, 677-78 (9th Cir. 2011); *see also Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Ass'n*, 218 F3d 1085, 1091 (9th Cir. 2000) (Tashima, J., concurring) (explaining that current three-judge panel was "bound" by prior case interpreting state law that was decided by a three-judge Ninth Circuit panel, even though it was doubtful that the prior case "was correctly decided").

A year before *Mazza*, the Ninth Circuit had already held that California's choice-of-law analysis requires a defendant to prove that there is a "material difference" between California and other states' laws "on the facts of this case." *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 995 (9th Cir. 2010) (applying California's choice-of-law analysis to uphold application of California law because defendants failed to meet their burden of showing that another state had materially different laws or a superior interest to California, even though defendant was headquartered in another state). Because *Pokorny* was a published case, its holding was precedent that *Mazza* could not overrule. *See* Rutter Cal. Prac. Guide Fed. 9th Cir. Civ. App. Prac. Ch. 8-C § 8:157 ("In general, any three-judge panel of the court is bound by a prior published Ninth Circuit decision and cannot reconsider a decided issue.").

Thus, *Mazza* did not and could not change Ninth Circuit law to eliminate a defendant's burden or remove the case-specific inquiry required under California's choice-of-law analysis.

### c. Defendants' interpretation of *Mazza* would contradict the express purpose of CAFA

The express purpose of the Class Action Fairness Act (CAFA) is to "assure fair and prompt recoveries for class members with legitimate claims." *See* Class Action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)					Date: March 2, 2012
								Page 11

Fairness Act of 2005, Pub. L. No. 109-2 § 2, 119 Stat. 4 (2005) (codified as note to 28 U.S.C. § 1711). CAFA recognizes that "[c]lass action lawsuits are an important and valuable part of the legal system." *Id.* In addition, "the United States Supreme Court has instructed that 'multi-state, and even nationwide class actions can be, and are, maintained in many instances.'" *Khorrami v. Lexmark Int'l*, 2007 U.S. Dist. LEXIS 98807, at *12 (C.D. Cal. Sept. 13, 2007).

Defendants' interpretation of *Mazza* contradicts the express purpose of CAFA. Defendants interpret *Mazza* as eliminating the case-specific inquiry required by the California Supreme Court and holding *as a matter of law* that California and other states' consumer laws materially differ *in all cases* and other states have a greater interest in the application of their law *in all cases*. Such an interpretation would preclude the certification of nationwide classes in CAFA class actions based on the causes of action at issue in *Mazza*.

The Court resists Defendants' urging to read CAFA's express purpose as merely an Orwellian pretense that offers consumers nothing but an empty promise.

### d. Conclusion

In sum, Defendants arguments fail for the following three reasons.

The Ninth Circuit's decision in *Mazza* did not and could not change California choice-of-law rules announced by the California Supreme Court. First, the California Supreme Court has expressly held that California's choice-of-law analysis places the burden on the *defendant* to show that another state's law, rather than California law, should apply to class claims. *Washington Mutual*, 24 Cal.4th at 921. Thus, *Mazza* did not and could not reassign that burden to the plaintiff. Second, the California Supreme Court has expressly held that California's choice-of-law analysis is a case-specific inquiry that requires analyzing various states' laws "under the circumstances of the particular case" and given "the particular [legal] issue in question." *See Kearney*, 39 Cal. 4th at 107-08. Thus, *Mazza* did not and could not eliminate the case-specific inquiry required by the California Supreme Court to hold that California and other states' consumer laws materially differ in all cases *as a matter of law* and that other states have a greater interest in the application of their law in all cases *as a matter of law*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                               Date: March 2, 2012
                                                                                    Page 12

      Furthermore, because a Ninth Circuit case published prior to *Mazza* had confirmed that California's choice-of-law rules require a defendant to show that the laws of another forum should apply in this particular case, *Mazza* did not and could not have overruled this precedent.

      Finally, Defendants' interpretation of *Mazza* would contradict the express purpose of CAFA.

      Accordingly, because *Mazza* did not result in a material change in the law, the Court DENIES Defendants' Motion.

## IV.   Alternatively, the Court Denies the Motion Because Mazza Is Distinguishable From this Case

      Alternatively, this Court denies the Motion because *Mazza* is distinguishable from this case. Defendants argue that this Court must decertify the class because *Mazza* decertified a class that involved some of the same California consumer-protection laws at issue in this case.[2] *See* Mot. 2.

      *Mazza* does not compel decertification because Defendants' briefing in the prior motion differs from that of the defendants in *Mazza* and the facts of this case differ from those in *Mazza*.

### a.   The California choice-of-law rules as announced by the California Supreme Court

      The California Supreme Court has expressly held that California's choice-of-law analysis requires a defendant to show that: (1) first, the relevant law is different across the affected jurisdictions "with regard to the *particular issue* in question"; (2) if there is a difference in the law, an analysis of each jurisdiction's interest in the application of its own law "under the circumstances of the *particular case*" reveals that a "true conflict exists"; and (3) if a true conflict exists, a weighing of each jurisdiction's interest in the application of its own law reveals which state's interest would be more impaired by not

---

[2] Defendants concede that the present case involves a California cause of action not brought in *Mazza*: breach of warranty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                                                    Date: March 2, 2012
Page 13

having its law applied. *See Kearney v. Salomon Smith Barney*, 39 Cal. 4th 95, 107-08 (2006) (emphasis added); *see also Bruno*, 2011 WL 5592880 at *13 (stating rule).

The Court need only "proceed to the second step" of the governmental interest test if it "finds the laws are materially different." *See Washington Mutual*, 24 Cal. 4th at 919.

### b. Unlike in *Mazza*, Defendants failed to analyze California and other states' laws as they applied to the particular legal issues and facts in this case and thus did not meet their burden of showing a material difference in those laws

As the Ninth Circuit itself has recognized, the first element of California's choice-of-law analysis requires a court to find that there is a "material difference" between the different states' laws "on the facts of this case." *See Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 995 (9th Cir. 2010); *Kearney*, 39 Cal. 4th at 107-08. "The fact that two or more states are involved does not itself indicate that there is a conflict of law." *Washington Mutual*, 24 Cal.4th at 919. Instead, as the court in *Mazza* recognized, the first element in California's choice-of-law analysis is met only if differences in state law are "material," that is, if they "make a difference in this litigation." *Mazza*, 666 F.3d at 590-91 (citing *Washington Mutual*, 24 Cal.4th at 919-20).

In *Mazza*, the defendant "exhaustively detailed the ways in which California law differs from the laws of the 43 other jurisdictions." *Id.* at 591. The plaintiffs did "not contest these differences" in certain laws. *Id.* at 591 n.3. The Ninth Circuit did not raise or refute any argument by plaintiffs regarding these differences. *Id.* at 590-91.

Here, in contrast, "Defendants provide[d] no law from any jurisdiction for the Court to consider, instead citing another court's conclusion that 'there are material conflicts between California's consumer protection laws and the consumer protection laws of the other forty-nine states.'" *Bruno*, 2011 WL 5592880 at *13. This was insufficient because Defendants had "the burden of showing that there is an actual conflict between California and other law. . . . '*on the facts of this case*.'" *Id.* at *14 (emphasis added) (citing *Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 921 (2001); *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 995 (9th Cir. 2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                          Date: March 2, 2012
                                                                                                                                       Page 14

       *Mazza* is distinguishable from the present case because there the defendants "exhaustively detailed" material differences in California and other states' laws, whereas here Defendants simply cited a case reaching the legal conclusion they urged.  *Compare Mazza*, 666 F.3d at 591 *with Bruno*, 2011 WL 5592880 at *13.   Whereas the defendants in *Mazza* met their burden to prove the first element of the California choice-of-law analysis, here the Defendants merely showed that "two or more states are involved," a showing that "does not itself indicate that there is a conflict of law." *See Washington Mutual*, 24 Cal.4th at 919.  *Mazza*'s holding that the defendant had met its burden of demonstrating material differences of law on the facts of that case does not undermine this Court's holding that Defendants failed to meet their burden here.  Defendants cannot profitably rely on the work of a different party in a different case with different facts—or on the Ninth Circuit finding error in a district court rejecting an argument Defendants did not themselves present to this Court—to correct their failure.

       Nothing prevented Defendants from arguing, as did the defendants in *Mazza*, that the law of other states conflicted with California law *as applied to this particular case*.  But Defendants did not do so.  Because Defendants provided no law from any jurisdiction, Plaintiff had nothing to contest.  Thus, unlike in *Mazza*, Defendants here can not contend that Plaintiff conceded the material differences between California and other states' laws.  *See Mazza*, 666 F.3d at 591 n.3.

       In sum, because the defendants in *Mazza* and Defendants in the present case presented different arguments to their respective courts, *Mazza* is distinguishable from the present case.  Because Defendants did not meet their burden in establishing the first element of the California choice-of-law analysis—showing that the laws are "materially different" given the facts of the case—this Court appropriately did not "proceed to the second step" of that analysis.  *See Washington Mutual*, 24 Cal. 4th at 919.  Because Defendants had not met their burden, the Court correctly permitted the application of California law to a nationwide class.  *See e.g., In re MDC Holdings Securities Litigation*, 754 F.Supp. 785, 803-04, 808 (S.D.Cal. 1990) (applying California law to nationwide class because defendant "has not made any attempt to satisfy the [California] three-part governmental interest test"); *In re Seagate Technologies Sec. Litigation*, 115 F.R.D. 264, 269, 274 (N.D. Cal. 1987) (applying California law to nationwide class because "[a]bsent the defendant carrying [its] burden, California law would govern the foreign state plaintiffs' claims" and noting several other decisions reaching this conclusion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0173 DOC (Ex)                         Date: March 2, 2012

Page 15

Accordingly, the Court DENIES Defendants' Motion.

### V.	Conclusion

In sum, Defendants seek to deprive consumers in several states who were exposed to misrepresentations of the most efficient vehicle for adjudication of their injury: a nationwide class action. Before this Court deals such a devastating blow to the consumer, the California Supreme Court requires that Defendants analyze various states' laws "under the circumstances of the particular case" and given "the particular [legal] issue in question." *See Kearney v. Salomon Smith Barney*, 39 Cal. 4th 95, 107-08 (2006); *Washington Mutual*, 24 Cal. 4th at 919.

Defendants' argument that *Mazza* is a material change in the law fails given that: (1) *Mazza* did not and could not change *state* substantive law articulated by the California Supreme Court; (2) *Mazza* did not and could not overrule Ninth Circuit precedent interpreting state law; and (3) Defendants' interpretation of Mazza contradicts the express purpose of the Class Action Fairness Act. Alternatively, *Mazza* is distinguishable from the present case because Defendants' briefing in the prior motion differs from that of the defendants in *Mazza* and the facts of this case differ from those in *Mazza*.

### VI.	Disposition

For the reasons stated above, this Court DENIES Defendants' Motion.