**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
1405 Morena Blvd. Suite 201
San Diego, CA 92110
Telephone:  (619) 798-2006
Facsimile:   (480) 247-4553

LAW OFFICES OF RONALD A.
MARRON, APLC
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (270200)
*alexis@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone:  (619) 696-9006
Facsimile:   (619) 564-6665

**Class Counsel**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| In re Qunol CoQ10 Liquid Labeling Litigation | Case No. 8:11-cv-00173 DOC (Ex)<br>Pleading Type: Class Action<br><br>**DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>Judge: The Honorable David O. Carter |

I, Ronald A. Marron, declare:

1. I am Class Counsel in this action. I am a member in good standing of the State Bar of California and the United States District Courts for the Northern, Central, Eastern and Southern Districts of California; and of the United States Court of Appeals for the Ninth Circuit. I make this Declaration in support of Plaintiff's Motion for Approval of Attorney Fees and Incentive Award. I make this Declaration based on personal knowledge and if called to testify, I could and would testify competently thereto.

## Qualifications of Class Counsel

2. I have practiced civil litigation for over 17 years. Approximately 15 years ago, I started my own law firm with an emphasis in consumer fraud. Over the years, I have acquired extensive experience in class actions and other complex litigation and have obtained large settlements as lead counsel. Recently, I have devoted almost all of my practice to the area of consumer fraud, false and misleading labeling of food, supplements or over-the-counter products. I devoted 142.3 hours to this action.

3. Several courts have recognized my firm's ability to represent plaintiff classes in consumer fraud actions:

- My firm was appointed Lead Co-Class Counsel for a nationwide settlement class for consumers of Boiron homeopathic products in a deceptive labeling case in April 2012. The Honorable John A. Houston granted the preliminary approval, noting that:

    During the pendency of the Litigation, Class Counsel conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the named plaintiffs' and class claims to determine how best to serve the interests of Plaintiffs and the Class. . . . Class Counsel conducted thorough review of the Food, Drug and Cosmetic Act, its numerous changes over the years, and the Act's implementing regulations. Class Counsel have carefully considered the merits of Plaintiffs' claims, and the defenses raised by Defendants.

1

*In re Qunol CoQ10 Liquid Labeling Litigation*, Case No. 8:11-CV-00173 DOC (Ex)
DECLARATION OF RONALD MARRON IN SUPPORT OF FEE APPLICATION

*Gallucci v. Boiron, Inc.*, No. 3:11-cv-02039-JAH-NLS (S.D. Cal. 2012), Dkt. No. 89 at i. Accordingly, Judge Houston appointed my firm and the Weston Firm Class Counsel, finding that they "will fairly and adequately protect the interests of the Class . . . [and] are experienced and competent to prosecute this matter on behalf of the Class." *Id.* at iii-iv. The settlement was subsequently given final approval on October 31, 2012. *Gallucci v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 157039 (S.D. Cal. Oct. 31, 2012).

- When my firm was appointed Interim Lead Co-Class Counsel for a class of consumers in a deceptive labeling case back in March of 2011, the Honorable Marilyn Huff recognized Class Counsel "appears to be well qualified to represent the interest of the purported class and to manage this litigation." *Hohenberg v. Ferrero U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 38471, at *6 (S.D. Cal. Mar. 22, 2011). Subsequently, when my firm obtained certification of the proposed class, Judge Huff reaffirmed her finding that my firm is adequate Class Counsel. *See In re Ferrero Litig.*, 278 F.R.D. 552, 559 (S.D. Cal. 2011). Judge Huff gave Final Approval of a settlement on July 9, 2012. *In re Ferrero Litig.*, 2012 U.S. Dist. LEXIS 94900 (S.D. Cal. July 9, 2012).

- On June 14, 2011, the Honorable Richard Seeborg appointed my firm Interim Class Counsel in a deceptive food labeling case. *See Chacanaca v. Quaker Oats Co.*, 2011 U.S. Dist. LEXIS 65023, at *8-9 (N.D. Cal. June 14, 2011) ("There is no question here that both the Weston/Marron counsel . . . have ample experience handling class actions and complex litigation. It is also clear that both have particular familiarity with suits involving issues of mislabeling in the food industry.").

- I was appointed Class Counsel in *Peterman v. North American Co. for Life and Health Ins., et al.*, No. BC357194, (L.A. Co. Sup. Ct.), which was litigated for over 4 years and achieved a settlement of approximately $60 million for

2

consumers. In granting preliminary approval of the settlement, the Hon. Carolyn B. Kuhl noted that "the excellent work that the plaintiffs' side has done in this case has absolutely followed through to the settlement . . . The thought and detail that went into the preparation of every aspect was very impressive to me." Excerpts from Transcript of Dec. 21, 2009 Hearing, at 2:12-17, a true and correct copy of which is attached hereto as **Exhibit 1.**

- I also served as Class Counsel in *Clark v. National Western Life Insurance Co.,* No. BC321681 (L.A. Co. Sup. Ct.), a class action that, after litigating the case for well over 6 years, resulted in a settlement of approximately $25 million for consumers.

- In *Iorio v. Asset Marketing*, No. 05cv00633-IEG (CAB) (S.D. Cal.), I was appointed Class Counsel on August 24, 2006, following class certification, which was granted on July 25, 2006 by the Honorable Irma E. Gonzalez. *See id.*, Dkts. Nos. 113 and 121. After nearly 6 years of intensive litigation, a settlement valued at $110 million was reached in *Iorio, supra*, and approved by the Honorable Janis Sammartino. *Id.* Dkt. No. 480. The Final Order approving class action settlement was entered on Mar. 3, 2011, finding class counsel were "highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally" and "capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal." Judge Sammartino also noted "the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class." Excerpts from March 3, 2011 Order, at 7:18-23 and 17:25-27, a true and correct copy of which is attached hereto as **Exhibit 2**.

- On March 1, 2012, the Honorable Janis L. Sammartino appointed my firm Interim Class Counsel in an action styled *Margolis et al. v. The Dial Corp., et*

3

*In re Qunol CoQ10 Liquid Labeling Litigation*, Case No. 8:11-CV-00173 DOC (Ex)
DECLARATION OF RONALD MARRON IN SUPPORT OF FEE APPLICATION

*al.*, currently pending in the United States District Court for the Southern District of California, Case No. 3:12-cv-00288-JLS-WVG (Dkt. No. 14). This case involves a soap product that its manufacturer deceptively claims mimics human pheromones.

4. On March 13, 2012, my firm settled a false advertising class action against manufacturers of over-the-counter probiotic supplement products styled *Burton v. Ganeden Biotech, Inc. et al.*, Case No. 3:11-cv-01471-W-NLS (S.D. Cal.). The Honorable Thomas J. Whelan granted Final Approval on October 5, 2012 (Dkt. Nos. 48, 52).

5. My firm's former associate, Margarita Salazar, devoted 52.8 hours to the prosecution of this action. Ms. Salazar, a Merit Fellows of Law scholarship recipient and former White House intern, graduated from law school in May 2002. Before joining my firm in 2011, Ms. Salazar worked for large law firms, including O'Melveny & Myers and Bryan Cave representing clients in general commercial litigation as well as class actions.

6. My firm's associate, Skye Resendes, devoted 18.9 hours to the prosecution of this action. Ms. Resendes has been working in the legal field for over 20 years. Prior to attending law school, she worked as a judicial secretary in the San Diego Superior Court for approximately 6 years and as a legal assistant for over 15 years. Ms. Resendes is a recipient of the prestigious national Burton Award for excellence in legal writing and graduated from law school *summa cum laude* in 2011. Ms. Resendes has received multiple Witkin Awards for Legal Excellence, a national Inns of Court Outstanding Program Award and was an editor of Thomas Jefferson Law Review for 3 years. Ms. Resendes also clerked for the Honorable Jeffrey B. Barton of the San Diego Superior Court and was a Jefferson Fellow Research Assistant. Her recent briefing in *Allen v. Hyland's* led to a favorable decision on behalf of the firm's clients in the face of the recent Ninth Circuit decision in *Mazza v. Am. Honda*. To my knowledge, the *Allen*

4

*In re Qunol CoQ10 Liquid Labeling Litigation*, Case No. 8:11-CV-00173 DOC (Ex)
DECLARATION OF RONALD MARRON IN SUPPORT OF FEE APPLICATION

decision is one of only two post-*Mazza* decisions interpreting that case favorably to plaintiffs. The second favorable decision was in this case. *See Bruno v. Eckhart Corp.*, 280 F.R.D. 540 (C.D. Cal. 2012). Since joining my firm in November 2011, Ms. Resendes has dedicated her practice to the prosecution of plaintiff-side consumer cases.

7. My firm's other former associate, Maggie Realin, devoted 48.8 hours to the prosecution of this action. A native of Poland, she attended law school in Europe where she graduated in 2004 in the top of her class. Ms. Realin obtained an LL.M. degree in Comparative Law from the University of San Diego School of Law. Ms. Realin has clerked for two judges, in both civil and criminal divisions of the Warsaw Superior Court. Between 2005 and 2010, Ms. Realin worked at a law office of a certified appellate law specialist in San Diego, California, first as an intern and then as an attorney. While with my firm, Ms. Realin focused on representing consumers in class actions against large corporations, specifically in the area of deceptive food labeling.

## **Class Counsel's Rates**

8. The Law Offices of Ronald A. Marron's requested rates are as follows:

| Timekeeper | Position | Graduation Year | Hourly Rate |
|---|---|---|---|
| Ronald A. Marron | Principal | 1994 | $680 |
| Margarita Salazar | Associate | 2002 | $450 |
| Skye Resendes | Associate | 2011 | $400 |
| Maggie Realin | Associate | 2004 | $375 |
| Law Clerk | | - | $225 |
| Paralegals | | - | $215 |

9. These rates are consistent with the prevailing rates for attorneys of similar experience, skill and reputation in this District.

5

10. For example, in March 2011, the Honorable Janis L. Sammartino approved the rate of $750 for the top three billers in *Iorio v. Allianz Life Ins. Co. of N. Am., Inc.*, the case where I served as a Class counsel. I was awarded my fees based on my hourly rate of $595, after having voluntarily reduced my rate, in deference to my co-counsel under the circumstances in that case, and in an exercise of billing discretion, which would otherwise have been $650. 2011 U.S. Dist. LEXIS 21824, at *31 (S.D. Cal. Mar. 3, 2011). Specifically, the Honorable Janis L. Sammartino approved the following rates:

| Timekeeper | Position[1] | Rate |
|---|---|---|
| Robert S. Gianelli | Partner | $750 |
| Raymond E. Mattison | Partner | $750 |
| Don A. Ernst | Partner | $750 |
| Ronald A. Marron | Partner | $595 |
| Dean Goetz | Not Provided | $595 |
| Sherril Neil Babcock | Not Provided | $575 |
| Christopher D. Edgington | Associate | $575 |
| Jully C. Pae | Associate | $500 |
| Richard R. Fruto | Associate | $410 |
| Joanne Victor | Not Provided | $450 |
| Scott Juretic | Not Provided | $410 |
| Paralegals | - | $195 |

11. Similarly, several California district courts have approved specific fee rates similar to those requested here. These rates are consistent with the prevailing rates for

---

[1] *See Iorio*, No. 5-cv-633-JLS-CAB (S.D. Cal.), Dkt. No. 469 at 16-19 (fee motion describing timekeepers' experience).

6

*In re Qunol CoQ10 Liquid Labeling Litigation*, Case No. 8:11-CV-00173 DOC (Ex)
DECLARATION OF RONALD MARRON IN SUPPORT OF FEE APPLICATION

attorneys of similar experience, skill and reputation. For example, in *Hartless v. Clorox Co.*, 273 F.R.D. 630, 644 (S.D. Cal. 2011), the Honorable Cathy Ann Bencivengo affirmed rates of "$675 for an experienced partner's time . . . ." *Id.* at 644.[2]

12. Other California district courts have approved even higher attorney fee rates. For example, in *CLRB Hanson Indus., LLC v. Weiss & Assocs., PC*, 465 Fed. Appx. 617 (N.D. Cal. 2012), the court found the hourly rates of two top billers reasonable at $1100 and $850. Case No. C05-03649, Dkt. No. 342. The Ninth Circuit affirmed the district court's finding that the requested fees were justified. *CLRB Hanson*, 465 Fed. Appx. at 619.

13. Survey data also confirms the reasonableness of Class Counsel's rates. A 2010 survey by the National Law Journal[3] shows rates of firms in Los Angeles from $495-$820 for partners and $270-$620 for associates; and in Irvine from $395-$710 for partners and $285-$450 for associates.

14. Thus, the firm's requested partner rate of $680, and requested associate rate of $450, $400 and $375, based on experience, fall at or below the average range of Southern California law firms that practice complex litigation. *See generally Catala v. Resurgent Capital Servs., L.P.*, 2010 U.S. Dist. LEXIS 63501, at *19 n.3 (S.D. Cal. June 22, 2010) (relying on National Law Journal to award fees).

15. The Law Offices of Ronald A. Marron's blended rate of $541.90 in this case ($149,132.00 divided by 275.2 hours) also falls below that recently approved by other Central District Courts. *See Yoo v. Wendy's Intl, Inc.*, No. 07-4515 (C.D. Cal. Mar. 13, 2009), Dkt. No. 89 at ¶¶16, 18a (approving a blended rate of $596.88)[4]; *Grasso*

---

[2] *See Hartless v. Clorox Co.*, No. 06-cv-2705-CAB (S.D. Cal.), Dkt. Nos. 82, 84-85, 87-88 (declarations in support of motion for attorneys fees).

[3] Copies of the NLJ surveys are in Class Counsel's possession but are not being filed due to their volume.

[4] The court then applied a 2.91 multiplier for a final blended rate of $656.56.

7

*v. Vitesse Semiconductor Corp.*, No. 06-cv-2639-R, Dkt. 222 at ¶3 (C.D. Cal. Nov. 17, 2008) (approving a blended rate of $597.96).

16. Finally, the Law Offices of Ronald A. Marron's law clerk rate of $225 and paralegal rate of $215 is in a range commonly approved by other courts in this district. *See*, *e.g.*, *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1122 (C.D. Cal 2008) (finding $200 rate reasonable for law clerks and up to $225 for paralegals); *Vasquez v. Rackauckas*, 2011 U.S. Dist. LEXIS 83696, at *6 (C.D. Cal. July 28, 2011) (approving rates between $165 and $210 for paralegals). As well as other California district courts. *See*, *e.g., Iorio*, 2011 U.S. Dist. LEXIS 21824, at *32 (finding $195 rate reasonable for paralegals) (S.D. Cal); *Create-A-Card*, 2009 WL 3073920, at *2 (approving rates of $150-$235 for paralegals) (N.D. Cal).

## Class Counsel's Time Billed

17. Our firm's practice is to keep contemporaneous records for each timekeeper and to regularly record time records in the normal course of business; and we kept time records in this case consistent with that practice. Moreover, our firm's practice is to bill in 6-minute (tenth-of-an-hour) increments.

18. The total lodestar for the Law Offices of Ronald A. Marron is $149,132.00, reflecting 262.8 attorney hours, 8.2 law clerk hours and 4.2 paralegal hours (for a total of 275.2 hours). The Law Offices of Ronald A. Marron's lodestar is summarized in **Appendix 1** to Plaintiff's fee motion. Prior to finalizing the firm's lodestar, we carefully reviewed our hours and made cuts for time entry errors, duplications, and instances where we determined the hours should be reduced or not billed.

19. Class Counsel have also agreed to split attorneys' fees received in this action 50/50, pursuant to a joint prosecution agreement

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

8

*In re Qunol CoQ10 Liquid Labeling Litigation*, Case No. 8:11-CV-00173 DOC (Ex)
DECLARATION OF RONALD MARRON IN SUPPORT OF FEE APPLICATION

Executed on December 11, 2012 in San Diego, California.

/s/ Ronald A. Marron
Ronald A. Marron

DATED: December 11, 2012

Respectfully Submitted,

/s/ Gregory S. Weston
Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
1405 Morena Blvd., Suite 201
San Diego, CA 92109
Telephone:  (619) 798-2006
Facsimile:   (480) 247-4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
B. SKYE RESENDES
ALEXIS M. WOOD
3636 4th Street, Suite 202
San Diego, CA 92103
Telephone:  (619) 696-9006
Facsimile:   (619) 564-6665

**Class Counsel**

9

*In re Qunol CoQ10 Liquid Labeling Litigation*, Case No. 8:11-CV-00173 DOC (Ex)
DECLARATION OF RONALD MARRON IN SUPPORT OF FEE APPLICATION