1   **THE WESTON FIRM**
2   GREGORY S. WESTON (239944)
    *greg@westonfirm.com*
3   JACK FITZGERALD (257370)
    *jack@westonfirm.com*
4   MELANIE PERSINGER (275423)
5   *mel@westonfirm.com*
6   1405 Morena Blvd., Suite 201
    San Diego, CA 92110
7   Telephone:   (619) 798-2006
8   Facsimile:    (480) 247-4553

**LAW OFFICES OF RONALD A.
MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (270200)
*alexis@consumersadvocates.com*
3636 4th Street, Suite 202
San Diego, CA 92103
Telephone:   (619) 696-9006
Facsimile:    (619) 564-6665

9   **Class Counsel**

10

11

12                  **UNITED STATES DISTRICT COURT**

13                 **CENTRAL DISTRICT OF CALIFORNIA**

14                       **SOUTHERN DIVISION**

15

16   In re Qunol CoQ10 Liquid Labeling
     Litigation                                Case No. 8:11-cv-00173 DOC (Ex)
17                                              Class Action
18
19                                             **PLAINTIFF'S MEMORANDUM OF**
20                                             **POINTS AND AUTHORITIES IN**
                                               **SUPPORT OF MOTION FOR**
21                                             **APPROVAL OF ATTORNEYS'**
                                               **FEES, COSTS, AND INCENTIVE**
22                                             **AWARD**
23
24                                             Judge: The Hon. David O. Carter
                                               Date: February 25, 2013
25                                             Time: 8:30 a.m.
                                               Location: Courtroom 9D
26

27

28

# **TABLE OF CONTENTS**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ..................................1

II.  ARGUMENT ...................................................................................................1

A.   BASES FOR AN AWARD OF ATTORNEYS' FEES AND
     EXPENSES ....................................................................................................1

B.   CALIFORNIA LAW PROVIDES FEES FOR SUCCESSFULLY
     PROSECUTING CONSUMER FRAUD CLAIMS ..............................................1

     1.   Plaintiff is a "Prevailing Plaintiff," Entitled to Fees and
          Costs under the CLRA ..........................................................2

     2.   Plaintiff is a "Successful Party" Entitled to Fees & Costs
          Under the Private Attorney General Statute ...................................4

     3.   The Settlement Agreement Provides for Attorneys' Fees,
          Costs and an Incentive Award ..................................................5

C.   THE COURT SHOULD APPLY THE LODESTAR METHOD TO
     DETERMINE CLASS COUNSEL'S REASONABLE FEE ...............................7

D.   CLASS COUNSEL'S LODESTAR IS FAIR AND REASONABLE ...............7

     1.   Class Counsel's Rates Are Reasonable ..............................................7

     2.   Class Counsel's Hours Expended Are Reasonable......................10

E.   CLASS COUNSEL'S REQUESTED FEE IS REASONABLE .......................11

     1.   The Results Achieved for the Class .................................................12

          a.   A Fair Settlement With Benefits for the Class ................12

          b.   The Effort, Skill, and Experience of Counsel ...................13

          c.   The Complexity of the Issues ...........................................14

          d.   Risk of Non-Payment, Preclusion of Other
               Employment, and Ongoing Work ...................................14

          e.   Reaction of the Class ..................................................15

F.   THE REQUESTED COSTS ARE FAIR AND REASONABLE ....................15

G.   THE REQUESTED INCENTIVE AWARD IS FAIR AND
     REASONABLE ..............................................................................................16

III. CONCLUSION ..............................................................................................18

i

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Barcia v. Contain-A-Way, Inc.*,
    2009 U.S. Dist. LEXIS 17118 (S.D. Cal. Mar. 6, 2009) ........................................17

*B-K Lighting, Inc. v. Vision3 Lighting*,
    2009 U.S. Dist. LEXIS 111968 (C.D. Cal. Nov. 16, 2009) ..................................10

*Blum v. Stenson*,
    465 U.S. 886 (1984) ........................................................................................7, 8

*Brazil v. Dell Inc.*,
    2012 U.S. Dist. LEXIS 47986 (N.D. Cal. Apr. 4, 2012) ...................................6, 12

*Broughton v. Cigna Healthplans*,
    21 Cal. 4th 1066 (1999) ........................................................................................2

*Camancho v. Bridgeport Fin., Inc.*,
    523 F.3d 973 (9th Cir. 2008) ................................................................................7

*Champion Produce, Inc. v. Ruby Robinson Co.*,
    342 F.3d 1016 (9th Cir. 2003) ..............................................................................1

*Collado v. Toyota Motor Sales, U.S.A., Inc.*,
    2011 U.S. Dist. LEXIS 133572 (C.D. Cal. Oct. 17, 2011) ....................................8

*Cook v. Niedert*,
    142 F.3d 1004 (7th Cir. 1998) ............................................................................17

*Cunningham v. County of Los Angeles*,
    879 F. 2d 481 (9th Cir. 1988) ............................................................................12

*Dunk v. Ford Motor Co.*,
    48 Cal. App. 4th 1794 (1996) ............................................................................11

*Engalla v. Permanente Medical Group, Inc.*,
    15 Cal. 4th 951 (1971) ..........................................................................................5

*Farmers Ins. Exch. v. Sayas*,
    250 F.3d 1234 (9th Cir. 2001) ..........................................................................1, 5

*Flannery v. Cal. Highway Patrol*,
    61 Cal. App. 4th 629 (1998) ................................................................................4

ii

*Frankel v. Bd. of Dental Exam'rs*,
    46 Cal. App. 4th 534 (1996) ...................................................................5

*Gallucci v. Boiron, Inc.*,
    2012 U.S. Dist. LEXIS 157039 (S.D. Cal. Oct. 31, 2012)....................9

*Gee v. Tenneco, Inc.*,
    615 F.2d 857 (9th Cir. 1980) ...............................................................1

*Graciano v. Robinson Ford Sales, Inc.*,
    144 Cal. App. 4th 140 (2006) ...............................................................2

*Grant v. Martinez*,
    973 F.2d 96 (2d Cir. 1992) .................................................................10

*Greene v. Dillingham Constr. NA., Inc.*,
    101 Cal. App. 4th 418 (2002) .............................................................14

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) .................................................................12

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)........................................................................5, 7

*Heston v. Taser Int'l., Inc.*,
    431 Fed. Appx. 586 (9th Cir. 2011) .....................................................4

*In re Apple Computer, Inc. Derivative Litig.*,
    2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) .....................5

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ......................................................3, 7, 12

*In re Equity Funding Corp. Sec. Litig.*,
    438 F. Supp. 1303 (C.D. Cal. 1977) ...................................................11

*In re Ferrero Litig.*,
    2012 U.S. Dist. LEXIS 94900 (S.D. Cal. July 9, 2012)....................9, 12

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2007)...............................................15

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005) ...............................................................11

iii

*In re Warfarin Sodium Antitrust Litig.*,
 212 F.R.D. 231 (D. Del. 2002) ...............................................................13

*Ingram v. Coca-Cola Co.*,
 200 F.R.D. 685 (N.D. Ga. 2001) ...............................................................6

*Ingram v. Oroudjian*,
 647 F.3d 925 (9th Cir. 2011) ...................................................................8

*Ketchum v. Moses*,
 24 Cal. 4th 1122 (2001) ..............................................................7, 14, 15

*Kim v. Euromotors West/The Auto Gallery*,
 149 Cal. App. 4th 170 (2007) ..................................................................2

*Kona Enters. v. Estate of Bishop*,
 229 F.3d 877 (9th Cir. 2000) ...................................................................1

*Louie v. Kaiser Found. Health Plan, Inc.*,
 2008 U.S. Dist. LEXIS 78314 (S.D. Cal. Oct. 6, 2008) ........................17

*Lyons v. Chinese Hosp. Ass'n*,
 136 Cal. App. 4th 1331 (2006) ................................................................4

*Margolin v. Regional Planning Comm.*,
 134 Cal. App. 3d 999 (1982) .................................................................11

*Martin v. AmeriPride Servs.*,
 2011 U.S. Dist. LEXIS 61796 (S.D. Cal. June 9, 2011) .......................15

*Mathis v. Spears*,
 857 F.2d 749 (Fed. Cir. 1988) ...............................................................10

*Meyer v. Sprint Spectrum L.P.*,
 45 Cal. 4th 634 (2009) .............................................................................2

*Neary v. Regents of Univ. of Cal.*,
 3 Cal. 4th 273 (1992) ...............................................................................5

*Nicholson v. Barab*,
 233 Cal. App. 3d 1671 (1991) ..................................................................5

*Nightingale v. Hyundai Motor Am.*,
 31 Cal. App. 4th 99 (1994) .....................................................................11

iv

*Parkinson v. Hyundai Motor Am.*,
    796 F. Supp. 2d 1160 (C.D. Cal. 2010) ............................................................4, 15

*Rader* v. *Thrasher*,
    57 Cal. 2d 244 (1962) .................................................................................................14

*Razilov v. Nationwide Mut. Ins. Co.*,
    2006 U.S. Dist. LEXIS 82723 (D. Or. Nov. 13, 2006) ...........................................17

*Reveles v. Toyota by the Bay*,
    57 Cal. App. 4th 1139 (1997) ....................................................................................2

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ...................................................................................16

*Schwarz v. Sec'y of Health & Human Servs.*,
    73 F.3d 895 (9th Cir. 1995) .......................................................................................7

*Sci. App. Int'l Corp. v. Super. Ct.*,
    39 Cal. App. 4th 1095 (1995) ..................................................................................15

*Serrano v. Priest*,
    20 Cal. 3d 25 (1977) ..........................................................................................1, 4, 7

*Sheppard v. Consol. Edison Co. of N.Y., Inc.*,
    2002 U.S. Dist. LEXIS 16314 (E.D.N.Y. Aug. 1, 2002) ........................................16

*Singer v. Becton Dickinson & Co.*,
    2010 U.S. Dist. LEXIS 53416 (S.D. Cal. June 1, 2010) ........................................17

*Touhey v. United States*,
    2011 WL 3179036 (C.D. Cal. July 25, 2011) .........................................................15

*Trustees of Cent. States Southeast and Southwest Areas Pension Fund v. Golden Nugget, Inc.*,
    697 F. Supp. 1538 (C.D. Cal. 1988) ........................................................................11

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990) .....................................................................................9

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995).....................................................................16, 17

*Victoria v. Super. Ct.*,
    40 Cal. 3d 734 (1985) .................................................................................................5

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ............................................................................1, 13

*Wang v. Massey Chevrolet*,
  97 Cal. App. 4th 856 (2002) ...........................................................................2

*Wershba v. Apple Computer, Inc.*,
  91 Cal. App. 4th 224 (2001) .........................................................................11


**STATUTES**

Cal. Civ. Code § 1021.5 ...............................................................................2, 4

Cal. Civ. Code § 1717 ...................................................................................5

Cal. Civ. Code § 1760 ...................................................................................2

Cal. Civ. Code § 1780(e) ..............................................................................2

Cal. Code of Civ. P. § 1033.5(c) ...............................................................15

Cal. Code of Civ. P. § 664.6 .......................................................................5

Cal. Code of Civ. P. §§ 1033.5 (a)(1), (3), (4), and (7) ..........................15


**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION, FOURTH, § 14.122 ............................8

MANUAL FOR COMPLEX LITIGATION, FOURTH, § 14.13.............................1

MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.7 ...............................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

This Motion is made pursuant to the Court's October 17, 2012 Order Granting Preliminary Approval. (Dkt. No. 168.) Plaintiff was ordered to file an application for attorneys' fees and class representative incentive award by December 11, 2012. (*See id*.) For the reasons set forth herein, the Court should, respectfully, award attorneys' fees and costs to Class Counsel in the amount of $410,000. This amount is less than a third of Class Counsel's lodestar. Finally, Plaintiff respectfully requests an incentive award in the amount of $8,000.

## II.  ARGUMENT

### A.  BASES FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

"An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." *Champion Produce, Inc. v. Ruby Robinson Co*., 342 F.3d 1016, 1024 (9th Cir. 2003); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Under California law, the Court awards reasonable attorneys' fees and costs where, as here, a litigant proceeding in a representative capacity secures a "substantial benefit" for a class of persons. *Serrano v. Priest*, 20 Cal. 3d 25, 38 (1977). "The task of a federal court in a diversity action is to approximate state law [regarding attorneys' fee awards] as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Farmers Ins. Exch. v. Sayas*, 250 F.3d 1234, 1236 (9th Cir. 2001) (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)).

### B.  CALIFORNIA LAW PROVIDES FEES FOR SUCCESSFULLY PROSECUTING CONSUMER FRAUD CLAIMS

"Shifting fees in a statutory-fee case serves the public policy of encouraging private enforcement of statutory or constitutional rights." MANUAL FOR COMPLEX LITIGATION, FOURTH, § 14.13. California has two statutes providing for an award of

1

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS

attorneys' fees here, the Consumer Legal Remedies Act ("CLRA"), Civ. Code § 1750, *et seq*., and the private attorney general statute, Civ. Code § 1021.5.

### 1.    Plaintiff is a "Prevailing Plaintiff," Entitled to Fees and Costs under the CLRA

The CLRA provides a fee-shifting provision directing that "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section." Cal. Civ. Code § 1780(e). "[T]he availability of costs and attorneys' fees to prevailing plaintiffs is integral to making the CLRA an effective piece of consumer legislation, increasing the financial feasibility of bringing suits under the statute." *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 644 (2009) (quoting *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1086 (1999)).

The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760; *see also Wang v. Massey Chevrolet*, 97 Cal. App. 4th 856, 869 (2002). An award of attorneys' fees to "a prevailing plaintiff" in an action brought pursuant to the CLRA is mandatory, even where the litigation is resolved by a pretrial settlement agreement. *Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178-79 (2007). In the settlement of a CLRA claim, a plaintiff prevails if there is a "net monetary recovery," *Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1154 (1997), or where she is "denied direct relief" but nonetheless the lawsuit "has otherwise achieved its main litigation objective." *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 151 (2006)(citation omitted); *see also Kim*, 149 Cal. App. 4th at 178-81 (discussing *Reveles* and *Graciano* and concluding courts may determine plaintiff prevailed if "he obtained a net monetary recovery or because he achieved most or all of what he wanted by filing the action or a combination of the two").

While either is sufficient, here, both factors are present. Plaintiff's Complaint alleged violation of the CLRA and she obtained a net monetary recovery achieving

2

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS

"most or all of what" she wanted by filing this action: (1) Defendants' enforceable agreement to not use the "6x" claim on labeling and advertising for at least 10 years, absent new competent and reliable scientific evidence that supports the claim; (2) restitution of $3.55 per bottle purchased for Class claimants; (3) precedents that will assist other consumers in vindicating claims for consumer fraud; and (4) a deterrent to other drug and supplement companies that are tempted to engage in deceptive advertising or make exaggerated effectiveness claims.

In addition to monetary relief, injunctive relief that is "'socially beneficial' . . . justif[ies] a fee award under" the CLRA. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011). Class Counsel negotiated a prohibition of the use of the alleged misleading labeling. Defendants have agreed not to label Qunol Liquid CoQ10 products as six times more effective or providing six times more absorption than competing products or "regular CoQ10" for ten years, unless they have new, competent and reliable scientific evidence that supports the claim. Defendants are also required to request all licensed or direct shipment online or catalog vendors of the product remove or cease using marketing materials making such claims.

Further, the injunctive relief secures, by binding court order, the suggestions made by the National Advertising Division ("NAD") of the Better Business Bureau. The NAD recommended Defendants "discontinue its claim that Liquid Qunol is 'up to 6X better absorption than regular CoQ10.'" Evidence of Improved Absorbability for a Dietary Supplement Cannot, on its own, Support Claims of Improved Effectiveness, Dkt. 130 Ex 6 at 50. However, the NAD lacked authority to do anything beyond make its recommendations. Thus, Class Counsel were instrumental in achieving a binding social benefit for the Class, and accomplished what the NAD recommended but was without power to enforce.

3

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS

## 2.    Plaintiff is a "Successful Party" Entitled to Fees & Costs Under the Private Attorney General Statute

In addition to the CLRA's fee provision, California Civil Code § 1021.5 independently provides for an award of attorneys' fees to a "successful party":

> in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice, be paid out of the recovery, if any.

*See generally Serrano*, 20 Cal. 3d at 34.

"Similar to California's fee-shifting statute, the private attorney general statue makes a plaintiff a 'successful party' if it achieves its litigation objectives." *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1169-70 (C.D. Cal. 2010). The statute applies "when a plaintiff 'acts as a true private attorney general, prosecuting a lawsuit that enforces an important public right and confers a significant benefit, despite the fact that his or her own financial stake in the outcome would not by itself constitute an adequate incentive to litigate.'" *Heston v. Taser Int'l., Inc.*, 431 Fed. Appx. 586, 589 (9th Cir. 2011) (quoting *Flannery v. Cal. Highway Patrol*, 61 Cal. App. 4th 629, 636 (1998)). "The key question is 'whether the financial burden placed on the party [claiming fees] is out of proportion to its personal stake in the lawsuit.'" *Id.* (quoting *Lyons v. Chinese Hosp. Ass'n*, 136 Cal. App. 4th 1331, 1352 (2006)). That an action is brought on a contingency basis does not undermine a plaintiff's request for attorneys' fees under the statute. *Lyons*, 136 Cal. App. 4th at 1351. Here, Qunol Liquid CoQ10 typically retailed for $29.99, so buyers could not possibly have a stake adequate to litigate.

4

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS

### 3.     The Settlement Agreement Provides for Attorneys' Fees, Costs and an Incentive Award

"A request for attorney's fees should not result in a second major litigation. Ideally . . . litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). That is what the parties have done here through the Settlement Agreement. Defendants have agreed to not oppose a request of up to $410,000 in costs and fees for Class Counsel and an $8,000 incentive award to Plaintiff.

A Settlement Agreement is like any other contract and enforced the same. Cal. Code of Civ. P. § 664.6; *Nicholson v. Barab*, 233 Cal. App. 3d 1671, 1681 (1991); *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 971 (1971). Thus, another independently sufficient basis for the fee award is Defendants' contractual agreement to pay attorneys' fees and costs up to $410,000. Cal. Civ. Code § 1717; *Farmers Ins. Exch.*, 250 F.3d at 1236-37 (applying § 1717 in a diversity action). This is to be done with the view that such agreements are highly favored at law and interpretation is to be in favor of enforcement if possible. *See Neary v. Regents of Univ. of Cal.*, 3 Cal. 4th 273, 277-78 (1992); *Nicholson*, 233 Cal. App. 3d at 1683; *Victoria v. Super. Ct.*, 40 Cal. 3d 734, 753, n.8 (1985). Here, the parties are in agreement as to an appropriate amount of compensation for Class Counsel's efforts in obtaining the injunctive relief. Defendants have agreed not to oppose the reasonableness of the requested fee. Settlement Agreement ¶ 9.2. "A court should refrain from substituting its own value for a properly bargained-for agreement." *In re Apple Computer, Inc. Derivative Litig.*, 2008 U.S. Dist. LEXIS 108195, at *12 (N.D. Cal. Nov. 5, 2008).

That the actual amount to be awarded is left to the Court to determine, up to the unopposed limit, does not render the contractual agreement unenforceable. Every term need not be spelled out to state an enforceable contract, so long as a means to make the terms certain is provided for by the contract's terms. *Frankel v. Bd. of Dental Exam'rs*, 46 Cal. App. 4th 534, 545 (1996). The Settlement Agreement provides the Court guidance, as it specifies that Defendants have no objection to a fee award that does not

5

1   exceed the unopposed limit of $410,000. Further, if a Fee Award is not made in the
2   amount contemplated by the Settlement, these funds will remain with Defendants, since
3   the unopposed amount is wholly independent from the direct class relief. For example,
4   in *Brazil v. Dell Inc.*, 2012 U.S. Dist. LEXIS 47986, at *2 (N.D. Cal. Apr. 4, 2012), the
5   court awarded a fee agreed upon between the parties, which was "approximately equal to
6   their combined lodestar in th[e] case with no multiplier," because, like here:

7      The benefits achieved by Class Counsel are not in the form of a "common
8      fund," but rather come in the form of structural changes to Dell's advertising
9      practices and the payment to Class Members on a claims-made basis.
10      Moreover, the fee awarded to Class Counsel will be paid directly by Dell,
11      over and above the consideration to be paid to Class Members, and will thus
12      not reduce the benefits available to the Class.

13   *Id.* at *2-3. Where there is no evidence of collusion and no detriment to the parties,
14   courts "should give substantial weight to a negotiated fee amount, assuming that it
15   represents the parties' best efforts to understandingly, sympathetically, and
16   professionally arrive at a settlement as to attorney's fees." *Ingram v. Coca-Cola Co.*, 200
17   F.R.D. 685, 695 (N.D. Ga. 2001) (citation omitted).

18      Here, Class Counsel negotiated with Defendants to reach a fee well below their
19   lodestar. In addition, the fee was negotiated only after the parties reached agreement in
20   principle on the key injunctive and monetary relief terms. Moreover, Class Members
21   have overwhelmingly indicated their approval by the total absence of any objections as
22   of the time of this application, after a fair and effective notice including the substance of
23   this fee application. Thus, one can fairly say that truly "all parties" are in agreement on
24   the contractual Fee Award.

25      In sum, the parties, in arms' length negotiations, have determined that a fee award
26   within the unopposed limit falls within the reasonable range of awards for the particular
27   circumstances and relief obtained in this case. For the reasons discussed further below,
28   the Court should confirm the agreed-upon amount.

6

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS

## C.   THE COURT SHOULD APPLY THE LODESTAR METHOD TO DETERMINE CLASS COUNSEL'S REASONABLE FEE

Under California law, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001) (quoting *Serrano*, 20 Cal. 3d at 48); *see also Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1673 (2010) (expressing strong preference for lodestar approach).

"[T]he 'lodestar method' is appropriate in class actions brought under fee-shifting statutes . . . where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth*, 654 F.3d at 941; *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.7 at p. 334-35 ("Statutory awards are generally calculated using the lodestar method.").

## D.   CLASS COUNSEL'S LODESTAR IS FAIR AND REASONABLE

Class Counsel's lodestar of $1,017,472.50 is summarized in Appendix 1 hereto. This lodestar is based on 2,773.4 hours (1,513.9 attorney hours, 1,251.3 paralegal and 8.2 law clerk hours), and is supported by fair and reasonable rates and hours.

### 1.   Class Counsel's Rates Are Reasonable

Class Counsel's rates are reasonable because they are in line with hourly rates charged by attorneys of comparable experience, reputation and ability for similar litigation. *See Ketchum*, 24 Cal. 4th at 1133; *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984). Courts look to prevailing market rates in the community in which the court sits. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995); *see also Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Accordingly, Class Counsel's current rates are reasonable if they are in line with the prevailing rates for other attorneys practicing complex litigation in Southern California. *See* MANUAL

7

FOR COMPLEX LITIGATION, FOURTH, § 14.122 ("The rate should reflect what the attorney would normally command in the relevant marketplace.").

Here, Class Counsel's requested rates are as follows:

| Attorney | Position | Hourly Rate |
|---|---|---|
| Ronald A. Marron | Partner (MF) | $680 |
| Gregory S. Weston | Partner (WF) | $550 |
| Jack Fitzgerald | Partner (WF) | $550 |
| Courtland Creekmore | Associate (WF) | $500 |
| Margarita Salazar | Associate (MF) | $450 |
| Skye Resendes | Associate (MF) | $400 |
| Maggie Realin | Associate (MF) | $375 |
| Melanie Persinger | Associate (WF) | $315 |
| Law Clerks (MF) | | $225 |
| Paralegals (MF) | | $215 |
| Paralegals (WF) | | $195 |

To assist courts in calculating the lodestar, a plaintiff must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. "The Ninth Circuit has advised that courts are allowed to rely on their own familiarity with the legal market and subject matter of the lawsuit when awarding attorneys' fees," *Collado v. Toyota Motor Sales, U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 133572, at *14 (C.D. Cal. Oct. 17, 2011) (citing *Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011)).

1    **Rates Other Courts Have Awarded.** "[R]ate determinations in other cases,

2    particularly those settling a rate for the plaintiffs' attorney, are satisfactory evidence of

3    the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896

4    F.2d 403, 407 (9th Cir. 1990).

5    On October 31, 2012, the Honorable John A. Houston awarded the Weston Firm

6    fees based on an hourly rate of $525 for Mr. Weston and Mr. Fitzgerald and $650 for

7    Mr. Marron, as well as $385 for Ms. Resendes, $300 for Ms. Persinger and $215 and

8    $195 for paralegals of the Marron Firm and Weston Firm, respectfully. Additionally he

9    awarded the same $500 for Mr. Creekmore, $450 for Ms. Salazar, and $375 for Ms.

10   Realin, all who no longer work for Class Counsel. Decl. of Ronald A. Marron filed

11   concurrently herewith. ("Marron Decl.,"), at ¶ 3; Decl. of Jack Fitzgerald filed

12   concurrently herewith ("Fitzgerald Decl.") at ¶ 19. Judge Houston noted "the following

13   hourly billing rates [are] reasonable in light of . . . Class Counsels' reputation,

14   experience, competence, and the prevailing billing rates for comparably complex work

15   by comparably-qualified counsel in the relevant market. . . ." *Gallucci v. Boiron, Inc.*,

16   2012 U.S. Dist. LEXIS 157039, *25-26 (S.D. Cal. Oct. 31, 2012).

17   Additionally, on July 9, 2012, the Honorable Marilyn L. Huff approved the same

18   rates as Judge Houston for Class Counsel. Marron Decl. ¶ 3; Fitzgerald Decl. ¶ 20. Judge

19   Huff specifically found these rates "justified by prior awards in similar litigation and the

20   evidence presented with [plaintiffs'] motion showing these rates are in line with

21   prevailing rates in this District." *In re Ferrero Litig.*, 2012 U.S. Dist. LEXIS 94900, at

22   *11 (S.D. Cal. July 9, 2012). Class Counsel's rates are also supported by other court

23   decisions. *See* Marron Decl. ¶¶ 9-16; Fitzgerald Decl. ¶¶ 23-29.

24   The request rates here reflect a modest change of 0% to 5% for current attorneys

25   since the 2012 orders approving Class Counsel's fee applications by of Judges Houston

26   and Huff. In addition, Class Counsel's rates are reasonable and consistent with the rates

27   charged by both plaintiff and defense firms in Southern California. *See* Marron Decl.

28

9

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS

¶¶9-16; Fitzgerald Decl. ¶¶ 18-23, 28-29. The rates are also consistent with those awarded by other courts. *See* Marron Decl. ¶¶ 11-16; Fitzgerald Decl. ¶¶ 23-26.

Finally, Class Counsel's rates are reasonable because they reflect additional costs often billed to clients for which it does not seek reimbursement, including photocopying (internal and external), first class postage, staff and attorney meals on long days, legal research and PACER charges. Fitzgerald Decl. ¶ 38.

**Survey Data.** "Courts also frequently use survey data in evaluating the reasonableness of attorneys' fees." *B-K Lighting, Inc. v. Vision3 Lighting*, 2009 U.S. Dist. LEXIS 111968, at *18 (C.D. Cal. Nov. 16, 2009) (citing *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988)). A National Law Journal survey confirms that the rates charged by Class Counsel are reasonable. *See* Marron Decl. ¶ 13, Fitzgerald Decl. ¶ 29.

**Blended Rate.** The reasonableness of Class Counsel's rates is also shown by its blended lodestar, calculated by taking the total lodestar and dividing it by the total hours of all timekeepers (attorneys, paralegals, etc.). The blended rate in this case is $366.87 ($1,017,472.50 divided by 2,773.4 hours). This compares favorably to blended lodestar rates approved in other actions. *See id.* ¶ 25.

## 2. Class Counsel's Hours Expended Are Reasonable

Class Counsel are entitled to be compensated for reasonable time spent at all points in the litigation. Courts should avoid engaging in an "*ex post facto* determination of whether attorney hours were necessary to the relief obtained." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). The issue "is not whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id.*

Here, this case was fully litigated, up to nearly the eve of trial. Class Counsel expended a total of 1,513.9 attorney hours and 1,251.3 paralegal and 8.2 law clerk hours. *See* Appendix 1. This includes, *inter alia*, time billed for investigating the claims and drafting pleadings; extensive law and motion practice; drafting and responding to discovery, including taking and defending depositions and third-party discovery;

10

reviewing documents and researching legal authorities; preparing for and participating in meetings and mediation; preparing for and arguing (mostly with success) multiple motions before this Court; communications and meetings among parties and counsel, and trial preparation. Counsel should be compensated for all hours claimed, which are documented and based on contemporaneous time records.[1]

## E.    CLASS COUNSEL'S REQUESTED FEE IS REASONABLE

Fee awards in class actions encourage and support compliance with federal and state law. "The guiding principles in determining awards of attorneys' fees should be to provide compensation sufficient to stimulate the motive for representation of classes . . . ." *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1325 (C.D. Cal. 1977). When determining a reasonable fee in a class action, the lodestar figure is

---

[1] Class Counsel's detailed time sheets are not necessary for this motion because the Court need only be provided enough information to assess the reasonableness of the fees claim, and Class Counsel's declarations provide this. *Margolin v. Regional Planning Comm.*, 134 Cal. App. 3d 999, 1006-07 (1982) (attorney declaration as to number of hours worked by firm members was sufficient); *Trustees of Cent. States Southeast and Southwest Areas Pension Fund v. Golden Nugget, Inc.*, 697 F. Supp. 1538, 1558-59 (C.D. Cal. 1988). Moreover, the lodestar analysis requires "neither mathematical precision nor bean-counting," and allows the Court to "rely on summaries submitted by the attorneys and . . . not review actual billing records," *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005). California authorities likewise "permit[] fee awards in the absence of detailed time sheets," since "[a]n experienced trial judge is in a position to assess the value of the professional services rendered in his or her court." *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) (citing *Sommers v. Erb*, 2 Cal. App. 4th 1644, 1651 (1992); *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1810 (1996); *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 103 (1994)). Here, the extent of the discovery and law and motion practice, as reflected on the Court's docket and summarized in the Motions for Preliminary and Final Approval, and supporting declarations, readily demonstrates the time expended was reasonable and necessary to obtain this substantial Settlement for the Class. Nevertheless, Class Counsel's detailed time records can and will be provided to the Court immediately upon order should it exercise its discretion to undertake a more detailed review than required by these authority.

"presumptively reasonable," *In re Bluetooth*, 654 F.3d at 941 (quoting *Cunningham v. County of Los Angeles*, 879 F. 2d 481, 488 (9th Cir. 1988)); *see also Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (the lodestar "presumptively provides an accurate measure of reasonable fees"). Here Class Counsel are asking for less than their "presumptively reasonable" lodestar, in fact less than one third of the amount the Ninth Circuit labeled "presumptively reasonable".

### 1. The Results Achieved for the Class

The Settlement represents an excellent result for the Class and consumers nationwide. Plaintiff obtained Defendants commitment to effecting court binding changes in the way it advertises and markets Qunol Liquid CoQ10, a circumstance that will eliminate misleading advertising that may deceive the public. Additionally, Plaintiff obtained a partial refund for those who were misled by the deceptive advertising.

### a. A Fair Settlement With Benefits for the Class

Here, the resolution of this case represents a beneficial result for consumers nationwide. In year and a half, Plaintiff aggressively litigated her case, taking it to nearly the eve of trial before obtaining desired relief in settlement. Class Counsel also achieved a monetary reward available to any Class Member who fills out a short claim form, even if they no longer have a receipt or other proof of purchase. Settlement Agreement, ¶ 4.2.

Class Counsel also achieved injunctive relief in the form of a court binding agreement for Defendants not to use the "6x" claim on packaging of Qunol Liquid CoQ10 for at least 10 years. The injunctive relief ensures the public will not be subject to false claims of efficacy and deceived into purchasing the product. *See In re Ferrero Litig.*, 2012 U.S. Dist. LEXIS 94900, at *11-12 (S.D. Cal. July 9, 2012).

Although injunctive relief of the type provided in the Settlement Agreement may be difficult to monetize, it undoubtedly has value for the Class. *See Brazil v. Dell Inc.*, 2012 U.S. Dist. LEXIS 47986, at *4 (N.D. Cal. Apr. 4, 2012) ("The structural changes to Dell's marketing practices resulting from this litigation, particularly Dell's elimination of allegedly false representations . . . conferred a benefit on both the class members and

12

the public at large.") (citing *Vizcaino*, 290 F.3d at 1049 ("[i]ncidental or nonmonetary benefits conferred by the litigation" are factors in a fee application)). Indeed, there is intrinsic value to truth in advertising. *Id.*

### b. *The Effort, Skill, and Experience of Counsel*

Class Counsel has extensive experience handling complex consumer class actions. Marron Decl. ¶¶ 3-4; Fitzgerald Decl." ¶¶ 7-18. Further, Plaintiff respectfully suggests that her counsel's track record in this case, as well as past cases, demonstrates their skill. *See* Marron Decl. ¶¶ 3-4; Fitzgerald Decl. ¶¶7-17

Class Counsel has already devoted more than 2,770 attorney and staff hours, and substantial costs, to litigating this class action. *See* Appendix 1. Plaintiff also engaged in substantial discovery and motion practice; filed dozens of documents, and engaged in lengthy settlement negotiations over fifteen months, including of one mediation session. Declaration of Gregory S. Weston in Support of Final Approval at ¶¶10-15. Moreover, Class Counsel was efficient, bringing this action from filing to preliminary approval of a classwide settlement in only twenty-one months.

Additionally, Class Counsel was able to achieve a substantial Settlement against a skilled defense team and deep-pocketed adversaries. *See In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 261 (D. Del. 2002), *aff'd*, 391 F.3d 516 (3d Cir. 2004) (class counsel "showed their effectiveness . . . through the favorable class settlement they were able to obtain"). Defendants are multi-million dollar corporations with significant positions within the supplement industry. They were represented by skilled attorneys from four different law firms. Anthony Keats, from Keats, McFarland & Wilson, LLP, and Peter Aufrichtig, from McCarthy Fingar, LLP, representing Defendant Tischcon Corporation have over 45 years of combined legal experience and are partners with their respective firms. Evan S. Strassberg, from Vantus Law Group, and Jason Kerr, from Price, Parkinson & Kerr, PLLC, representing Defendant Quten Research Institute, LLC, also both have decades of combined legal experience. Mr. Kerr is a partner, while Mr. Strassberg is a three-time selectee as a Super Lawyer.

13

### c.    *The Complexity of the Issues*

This was not a simple case. The Food, Drug, and Cosmetic Act is complex, has been frequently amended, and has lengthy and technical implementing regulations promulgated by the FDA, which were at issue in this case. The case was also highly complex due to the scientific properties of Defendants' product. Indeed, Defendants planned to offer the reports or testimony of four different expert witnesses.

### d.    *Risk of Non-Payment, Preclusion of Other Employment, and Ongoing Work*

Devoting more than 2,773.4 attorney and staff hours and substantial costs to this action necessarily precluded other employment for Class Counsel. There was significant risk that Class Counsel, despite committing these resources, would not have received any compensation for its services. And Class Counsel's ability to collect compensation was entirely contingent upon it prevailing. The substantial risk of non-recovery inherent in class action litigation is well-documented. *See* Fitzgerald Decl. ¶¶ 34-36.

When attorneys undertake litigation on a contingent basis, a fee that is limited to the hourly fee that would have been paid by a fee-paying client, win or lose, is not a reasonable fee by market standards. *Greene v. Dillingham Constr. NA., Inc.*, 101 Cal. App. 4th 418, 428-29 (2002).

> A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.

*Ketchum v. Moses*, 24 Cal. 4th 1122, 1132-33 (2001) (quoting the Hon. Richard Posner's *Economic Analysis of Law* (4th ed. 1992)); s*ee also Rader* v. *Thrasher*, 57 Cal. 2d 244, 253 (1962).

14

From the outset of this litigation to the present, Class Counsel litigated this matter on a contingent basis and placed their own resources at risk to do so. Because the fee in this matter was entirely contingent, the only certainty was that Class Counsel would not get paid unless they obtained a successful result. *See id.* Here, while Plaintiff believes an upward adjustment is warranted based on the contingent nature of this action, she does not request such an upward adjustment. This factor, nonetheless, supports the rest of her application.

### e.   *Reaction of the Class*

To date, no member of the Class has objected to the Settlement, and no Class member has requested exclusion. Weston Decl. ¶ 20. Although objections are not due until January 14, "[t]he absence of any objector" thus far "strongly supports the fairness, reasonableness, and adequacy of the settlement." *Martin v. AmeriPride Servs.*, 2011 U.S. Dist. LEXIS 61796, at *21 (S.D. Cal. June 9, 2011); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *Touhey v. United States*, 2011 WL 3179036, at *8 (C.D. Cal. July 25, 2011) (same). In sum, the reaction of the Class to the Settlement, including its fee provision, is overwhelmingly positive and supports a finding that the requested fees are fair, reasonable, and adequate.

## F.   THE REQUESTED COSTS ARE FAIR AND REASONABLE

Under California Code of Civil Procedure §§ 1033.5 (a)(1), (3), (4), and (7), the Court must award costs for court fees; deposition costs for transcribing, recording and travel; service of process fees; and witness fees. In addition, § 1033.5(c) provides discretion to award reimbursement of other costs if they are "reasonably necessary to the conduct of the litigation, rather than merely convenient or beneficial to its preparation." *Parkinson*, 796 F. Supp. 2d at 1176 (quoting *Sci. App. Int'l Corp. v. Super. Ct.*, 39 Cal. App. 4th 1095, 1103 (1995)). Class Counsel has incurred $77,150.22 in recoverable costs and costs that were reasonably necessary to conduct the litigation, which are summarized in <u>Appendix 2</u>. This includes $60,630.00 to Kinsella Media for distribution

15

1  of class notice. The Court should note this payment was made by Plaintiff, however, the

2  issue of who should pay was heavily briefed and a decision was pending when

3  settlement was reached. This further demonstrates the hard-fought but thoroughly-

4  negotiated nature of the settlement.

5      Accordingly, the Court should grant Class Counsel's request for $77,150.22 in

6  costs.

7  **G.    THE REQUESTED INCENTIVE AWARD IS FAIR AND REASONABLE**

8      Incentive awards "are fairly typical in class action cases," *Rodriguez v. West*

9  *Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) *aff'd in part and rev'd on other*

10  *grounds,* 563 F.3d 948 (9th Cir. 2009), and "serve an important function in promoting

11  class action settlements," *Sheppard v. Consol. Edison Co. of N.Y., Inc.*, 2002 U.S. Dist.

12  LEXIS 16314, at *16 (E.D.N.Y. Aug. 1, 2002). Such awards "are intended to

13  compensate class representatives for work done on behalf of the class, to make up for

14  financial or reputational risk undertaken in bringing the action, and, sometimes, to

15  recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at

16  958-59. Service awards are committed to the sound discretion of the trial court and

17  should be awarded based upon the court's consideration of, *inter alia*, the amount of

18  time and effort spent on the litigation, the duration of the litigation and the degree of

19  personal gain obtained as a result of the litigation. *See Van Vranken v. Atl. Richfield Co.*,

20  901 F. Supp. 294, 299 (N.D. Cal. 1995). Here, Plaintiff respectfully requests an award of

21  $8,000 in recognition of her contribution toward the successful prosecution of this case.

22      Ms. Bruno originated this action in January 2011 and was instrumental in bringing

23  positive results for class members. She was significantly involved in this action from its

24  inception to settlement, including reviewing court filings and rulings, having meetings

25  and communications with Class Counsel throughout the litigation, complying with

26  discovery, preparing for and being deposed by opposing counsel, and being on-call to

27  attend court hearings if needed. *See* Weston Decl. ¶¶4-5, 8-9. Thus, the proposed award

28  is justified in this case.

16

The proposed award is also well below those approved by other Courts in this Circuit. *See*, *e.g.*, *Singer v. Becton Dickinson & Co.*, 2010 U.S. Dist. LEXIS 53416, *24(S.D. Cal. June 1, 2010) ($25,000 award); *Van Vranken*, 901 F. Supp. at 300 ($50,000 award); *Louie v. Kaiser Found. Health Plan, Inc.*, 2008 U.S. Dist. LEXIS 78314, at *18-19 (S.D. Cal. Oct. 6, 2008) ($25,000 award); *Barcia v. Contain-A-Way, Inc.*, 2009 U.S. Dist. LEXIS 17118, *18 (S.D. Cal. Mar. 6, 2009) ($12,000 award). *Accord Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming $25,000 award).

Moreover, incentive awards are appropriate when a class representative will not benefit beyond ordinary class members. Here, Plaintiff has not received any unusual or extraordinary benefit, justifying her requested awards. *See Razilov v. Nationwide Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 82723, at *12 (D. Or. Nov. 13, 2006) (approving $10,000 incentive award for representative whose "only personal benefit . . . from a successful result in this litigation is the . . . entitlement of any class member . . . together with the likelihood that any further [statutory] violations . . . would cease").

1

### III.   <u>CONCLUSION</u>

2        Plaintiff's Motion should, respectfully, be granted.[2]

3

4   Dated: December 11, 2012              Respectfully submitted,

5

6                                          /s/ Gregory S. Weston
                                           Gregory S. Weston
7

8                                          **THE WESTON FIRM**
                                           GREGORY S. WESTON
9                                          JACK FITZGERALD
                                           MELANIE PERSINGER
10                                         1405 Morena Blvd., Suite 201
                                           San Diego, CA 92110
11                                         Telephone:  (619) 798-2006
                                           Facsimile:   (480) 247-4553
12

13

14                                         **LAW OFFICES OF RONALD
                                           A. MARRON, APLC**
15                                         RONALD A. MARRON
                                           SKYE RESENDES
16                                         ALEXIS M. WOOD
                                           3636 4th Street, Suite 202
17                                         San Diego, CA 92103
                                           Telephone:  (619) 696-9006
18                                         Facsimile:   (619) 564-6665
19

20                                         **<u>Class Counsel</u>**

21

22

23

24

25 _____

26 [2] Plaintiff will file a single [Proposed] Order and Judgment along with her Motion for
   Final Approval, which addresses both final approval of the Settlement Agreement and
27 this application for fees, costs and incentive awards.

28

18

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS

## APPENDIX 1: CLASS COUNSEL'S LODESTAR

**FEE LODESTAR:**

| Firm and Attorney | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| **Law Offices of Ronald A. Marron, APLC:** | | | |
| Ronald A. Marron | 142.3 | $680 | $96,746.00 |
| Margarita Salazar | 52.8 | $450 | $23,760.00 |
| Skye Resendes | 18.9 | $400 | $7,560.00 |
| Maggie Realin | 48.8 | $375 | $18,300.00 |
| Law Clerks | 8.2 | $225 | $1,845.00 |
| Paralegals | 4.2 | $215 | $903.00 |
| | | Subtotal: | $149,132.00 |
| **The Weston Firm:** | | | |
| Gregory S. Weston | 314.7 | $550 | $173,085.00 |
| Jack Fitzgerald | 267.2 | $550 | $146,960.00 |
| Courtland Creekmore | 509.8 | $500 | $254,900.00 |
| Melanie Persinger | 159.4 | $315 | $50,211.00 |
| Paralegals | 1,247.1 | $195 | $243,184.50 |
| | | Subtotal: | $868,340.50 |
| | | **TOTAL:** | **$1,017,472.50** |

1

## APPENDIX 2: SUMMARY OF CLASS COUNSEL'S COSTS

## TOTAL: $77,150.22

## Expenses

| Date | Amount | Description |
|---|---|---|
| 12/15/2010 | $11.08 | Certified Mail for CLRA demand letter |
| 2/2/2011 | $60.00 | Service of Complaint of Defendant Tishcon Service |
| 2/2/2011 | $95.00 | Service of Complaint on Defendant Quten Research Institute |
| 1/31/2011 | $350.00 | Filing Fee |
| 05/24/2011 | $300.00 | Per diem expenses for Ms. Salazar in Whiteplanes, NY for Quten and Tishcon depositions on 8/30 - 31/2011 |
| 8/8/2011 | $86.70 | Mileage for trip to Santa Ana for scheduling conference; 170 miles @ 51 ¢/ mile |
| 8/19/2011 | $463.80 | Mr. Creekmore's coach airfare from San Diego to New York for depositions of Raj Chopra and Peter Boutros |
| 8/19/2011 | $518.80 | Ms. Salazar's coach airfare from San Diego to New York for depositions of Raj Chopra and Peter Boutros |
| 8/19/2011 | $387.80 | Hotel rooms for Mr. Creekmore and Ms. Salazar while attending depositions of Raj Chopra and Peter Boutros in New York |
| 8/29/2011 | $20.00 | Mr. Creekmore's travel from airport to hotel while attending depositions of Raj Chopra and Peter Boutros |
| 8/30/2011 | $28.00 | Mr. Creekmore's travel from hotel to deposition of Raj Chopra |
| 8/30/2011 | $30.00 | Mr. Creekmore's taxi charge while attending depositions of Raj Chopra and Peter Boutros |
| 8/31/2011 | $102.22 | Meals for Mr. Creekmore while attending depositions of Raj Chopra and Peter Boutros |
| 8/31/2011 | $25.00 | Mr. Creekmore's travel from hotel to deposition of Peter Boutros |
| 9/20/2011 | $86.70 | Mileage for trip to Santa Ana to file Motion for Class Certification and supporting documents under seal; 170 miles @ 51 ¢/ mile |

2

| Expenses (continued) | | |
|---|---|---|
| **Date** | **Amount** | **Description** |
| 9/28/2011 | $350.00 | NAD Reports |
| 11/7/2011 | $86.70 | Mileage for trip to Santa Ana for hearing on Motion for Class Certification; 170 miles @ 51 ¢/ mile |
| 11/18/2011 | $3,083.32 | Mediation Fees |
| 12/1/2011 | $8.02 | Postage for service of third party subpoenas |
| 12/5/2011 | $908.70 | Payment for recording of deposition of Raj Chopra |
| 12/5/2011 | $919.34 | Payment for recording of deposition of Peter Boutros |
| 12/9/2011 | $250.00 | Payment to third party Costco for expenses relating to production of documents |
| 12/29/2011 | $8.50 | Mileage for trip to pharmacies for price comparison damages research with competitor products |
| 1/1/2011-12/31/2011 | $257.30 | FedEx charges for Chambers Copies (2011) |
| Various | $17.00 | Combined Parking Fees |
| 3/23/2012 | $7.20 | Postage for Second Set of Interrogatories, sent via certified mail |
| 5/17/2012 | $35.95 | Refreshments for expert deposition |
| 5/18/2012 | $150.00 | Mileage for travel to deposition of John Carlow in Beverly Hills; 270 miles @ 55.5 ¢/ mile |
| 5/18/2012 | $17.29 | Meal while defending deposition of John Carlow in Beverly Hills |
| 5/18/2012 | $74.03 | Mileage to Deposition of Expert Witness, John Carlow. (San Diego to Beverly Hills). |
| 5/19/2012 | $74.03 | Mileage from Expert Witness Deposition, John Carlow (Beverly Hills to San Diego) |
| 6/28/2012 | $6.70 | Refreshments for preparation expert while preparing for trial |
| 7/13/2012 | $13.50 | Professional printing of exhibits for Opposition to Motion for Summary Judgment and supporting documents |
| 7/16/2012 | $93.50 | Mileage for travel to Santa Ana for hearing on Motion for Summary Judgment and Motion for Approval of Class Notice Plan |
| 7/24/2012 | $93.50 | Mileage for travel to Santa Ana to drop off chambers copy of Supplemental Brief re Notice Plan |
| 8/8/2012 | $27.00 | Postage for mailing notice to identifiable class members |
| 8/9/2012 | $99.90 | Mileage for travel to Santa Ana for hearing on Motion for Summary Judgment and Motions in Limine |
| 8/23/2012 | $23.77 | Supplies for trial |
| Expenses (Continued) | | |

3

| Date | Amount | Description |
|------|--------|-------------|
| 8/30/2012 | $60,630.00 | Payment to Kinsella media for Notice of Class Certification |
| 1/1/2012-Present | $7,050.00 | Combined Payments to Expert Witness |
| 1/1/2012-Present | $299.87 | FedEx charges for Chambers Copies (2012) |
|  |  |  |
| **Total** | **$77,150.22** |  |

*In re Qunol CoQ10 Liquid Labeling Litigation,* Case No. 8:11-cv-00173 DOC (Ex)
MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARDS