O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KELLEY BRUNO, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>QUTEN RESEARCH INSTITUTE, LLC, and TISHCON CORP,<br><br>　　　　Defendants.<br><br>Recaptioned as:<br><br>IN RE QUNOL CoQ10 LIQUID LABELING LITIGATION | Case No.: SACV 11-00173 DOC(Ex)<br><br>FINAL JUDGMENT AND ORDER:<br>　1) APPROVING CLASS ACTION SETTLEMENT;<br>　2) AWARDING CLASS COUNSEL FEES AND EXPENSES;<br>　3) AWARDING CLASS REPRESENTATIVE BRUNO AN INCENTIVE AWARD; and<br>　4) DISMISSING ACTION WITH PREJUDICE |

　　　　Before the Court is a Plaintiff's Motion for Final Approval of Class Action Settlement, as well as for approval of the payment of incentive awards, attorneys fees and costs, and administrative costs (Docket 172). For the reasons set forth below, the Motion

for Final Approval is GRANTED, the requested fees and costs are ORDERED, and JUDGMENT is ENTERED.

## I.  BACKGROUND

Based on claims that Defendants mislabeled their "Qunol" product as "six times more effective" than other similar products, Plaintiff Kelly Bruno ("Plaintiff") on behalf of herself and the Settlement Class, brought claims against Defendants for violations of the following California laws: (1) California's Unfair Competition Law (UCL); (2) False Advertising Law (FAL); (3) Consumer Legal Remedies Act (CLRA); and (3) breach of express warranty.  This Court certified a nationwide class in an Order issued on November 14, 2011, consisting of the following individuals:

> All persons, excluding officers, directors, and employees of Quten Research Institute LLC or Tischon Corp. and their immediate families, who on or after January 31, 2007 purchased Qunol CoQ10 in the United States for personal or household use rather than resale or distribution, in packaging stating that Qunol offers six times better absorption or effectiveness.

Order Certifying Class (Dkt. 73).

On October 17, 2012, the Court granted preliminary approval of a settlement between the parties, approved of the parties' proposed notice plan, and set dates for a final approval hearing. Preliminary Approval Order (Dkt. 168). The parties sent notice to members of the settlement class through the court-approved notice plan (which included internet advertisements, emails, first class mail to class members whose address was known), and a settlement website. No class member objected to the settlement. Plaintiff now requests final approval of the settlement along with approval of attorneys fees and costs.

## II.  LEGAL STANDARD

Approval of a class action settlement rests in the sound discretion of the Court. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992). Under Federal Rule of Civil Procedure 23(e), the Settlement, when taken as a whole, must be (1) fundamentally fair, (2) adequate, and (3) reasonable to the Class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Federal Rule of Civil Procedure 23(e) requires the Court to approve a class action settlement and requires notice of settlement to all class members.

### III. DISCUSSION

#### i. Settlement Terms

##### 1. Injunctive Relief

The Settlement requires Defendants to refrain from labeling or advertising Qunol as six times more effective or providing six times more absorption than competing products or "regular CoQ10" for a ten-year period, unless they have new competent and reliable scientific evidence that supports the claim. Settlement Agreement ¶ 4.1.1. Defendants also must request that all licensed or direct shipment online or catalog Qunol vendors remove or otherwise cease using marketing materials making such claims.

##### 2. Monetary Relief

Defendants will pay all class members who file a claim, which may be done online, by mail, or by fax. Class Members may obtain $3.55 per Qunol bottle purchased. Claims are limited to $10.65 (e.g., 3 bottles) without proof of purchase, while there is no cap on claims with a proof of purchase, for example a receipt or product packaging. *Id*. ¶ 4.2.

##### 3. Attorneys' Fees, Expenses, and Incentive Awards

The Settlement provides that "Class Counsel may apply to the Court for up to $410,000 for attorneys' fees" and costs and Defendants will not oppose the application. *Id.* ¶ 9.1 - 9.2. Furthermore, in recognition of Plaintiff's time and effort expended on behalf of the Class, the Settlement Agreement provides that, subject to the Court's approval, Plaintiff may seek an incentive award to be paid by Defendants of up to $8,000. *Id*.

#### ii. Fairness

In evaluating the fairness of a proposed settlement, courts look to the following factors for guidance: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and duration of further litigation; (3) the risk of maintaining class certification; (4) the amount of settlement; (5) investigation and discovery; (6) the experience and views of counsel; and (7) the reaction of class members to the proposed settlement. *See, e.g., Hanlon*, 150 F.3d at 1026; *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). The relative importance assigned to each factors varies depending on the nature of case. *Class Plaintiffs*, 955 F.2d at 1291. In addition, judicial policy favors settlement in class actions and other complex litigation where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *In re Pacific Enterprises Securities Litigation*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989).

The parties contend that the instant settlement resulted from lengthy efforts by highly capable and experienced counsel. The parties point out that they have conducted extensive formal and informal discovery, and have aggressively litigated the case right up to the eve of trial. The proposed settlement reportedly was reached only after intensive, arms-length negotiations.

According to Plaintiff, continued litigation would entail significant risks, as Plaintiff's claims rest on expert witnesses whose testimony might be subject to impeachment or exclusion, in addition to contested evidence of damages. By contrast, Plaintiff submits that the proposed settlement provides "a real and immediate benefit" to Class Members who purchased Qunol in packaging bearing allegedly false and deceptive claims, as well as protecting the public from false advertising, without the challenges and risks of trial. Pl's Mem. in Support of Mot. for Final Approval (Dkt. 174) at 10 (citing *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005); *Milstein v. Huck*, 600 F. Supp. 254, 267 (E.D.N.Y. 1984) ("The expense and possible duration of the litigation should be considered in evaluating the reasonableness of this settlement").

Plaintiff's analysis appears sound. In light of the above, the Court finds that the proposed settlement is fair, adequate and reasonable to the class. *See Hanlon*, 150 F.3d at 1026.

### iii. Incentive Award

The proposed settlement provides for an incentive payment of $8,000 to Plaintiff as compensation for the contributions of time Plaintiff provided to the class in conferring and assisting class counsel, as well as for the risks that Plaintiff took in bringing suit. Under established law, an individual who decides to join his claims with a class "disclaim[s] any right to a preferred position in the settlement [of those claims]." *Officers for Justice v. Civil Service Commission*, 688 F2d 615, 632 (9th Cir1982). Nevertheless, a class representative is entitled to some compensation for the expense he or she incurred on behalf of the class lest individuals find insufficient inducement to lend their names and services to the class action. *See Staton,* 327 F.3d at 976-77; *see also In re Continental Illinois Securities Litigation*, 962 F2d 566, 571 (7th Cir. 1992). In evaluating requests for incentive payments, courts look to factors "including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, the amount of time and effort the plaintiff expended in pursuing the litigation and reasonable fears of workplace retaliation." *Id.*

Here, Plaintiff has benefitted the class by securing a strong settlement. The Court finds that Plaintiff is entitled to an incentive award.  Plaintiff submitted to depositions, investigations, and an involved litigation schedule that went up to the eve of trial.

Accordingly, the Court GRANTS the requested incentive award of $8,000.

### iv. Attorneys Fees and Costs

Class Counsel moves the Court for attorney's fees and expenses totaling $410,000, which includes $77,150.22 in costs necessary to litigation paid by Class Counsel.  Because there is no common fund in this case, and because this action was brought under a fee-shifting statute, Class Counsel submits that reasonable fees should be calculated according to the "lodestar" method.

Under the "lodestar" method, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). "[T]he 'lodestar method' is appropriate in class actions brought under fee-shifting statutes . . . where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth*, 654 F.3d 935, 941 (9th Cir. 2011).

Here, Class Counsel submits declarations showing that they worked 2,773 hours on this case. Between partners, associates, and paralegals, their blended rate was $366.87 per hour. *See* Marron Decl. ¶¶ 9-16; Fitzgerald Decl. ¶¶ 23-29. Class Counsel cites two cases in which other district courts in this Circuit have found their rates to be reasonable. *See Gallucci v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 157039, at *25-26 (S.D. Cal. Oct 31, 2012); *In re Ferrero Litig.*, 2012 U.S. Dist. LEXIS 94900, at *11 (S.D. Cal. July 9, 2012).

Class Counsel presents records showing $1,017,472.50 would be their reasonable lodestar amount, but the terms of this settlement limit their fees and costs to $410,000, nearly $80,000 of which goes to costs and expenses associated with, among other things, developing and implementing a class notice plan. The Court notes that, in addition to the monetary relief obtained by Class Counsel for class plaintiffs, there is a high value to the injunctive relief obtained in this case. New labeling practices affecting hundreds of thousands of bottles per year, over ten years, bring a benefit to class consumers, the marketplace, and competitors who do not mislabel their products.

Accordingly, the Court ORDERS that the requested attorney's fees and costs of $410,000 to be paid to Class Counsel.

**IV.  DISPOSITION**

For the reasons stated above, the Court hereby GRANTS final settlement approval.

Due and adequate notice having been given to the Class, and the Court having considered the Plaintiff's Motion and Memorandum in Support of Motion for Final Approval of Class Action Settlement, Settlement Agreement, Plaintiff's Motion and Memorandum in Support of Motion for Approval of Attorney Fees and Incentive Awards, all papers filed and proceedings had herein, and having reviewed the record in this litigation, for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of this litigation, the Class Representative, the other members of the Settlement Class, and the Defendants.

3. The Court reaffirms its prior order certifying the Class and appointing Class Counsel and Class Representative (Dkt. No.73).

4. The Settlement Class is coextensive with the Class previously certified by the Court (Dkt. No. 73):

> All excluding officers, directors, and employees of Quten Research Institute, LLC or Tishcon Corp. and their immediate families, who on or after January 31, 2007 purchased Qunol CoQ10 in the United States for personal or household uses, rather than resale or distribution, in packaging stating that Qunol offers six times better absorption or effectiveness.

5. The Court directed that Class Notice be given to Class members pursuant to the notice program proposed by the Parties and approved by the Court.

6. The Court finds the distribution of the Class Notice to Class Members as provided for in the Order Granting Preliminary Approval of Settlement constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement

Class, and met the requirements of due process under the United States Constitution. The Settlement Class received proper notice of: (a) the Settlement Agreement; (b) the Final Approval Hearing; (c) Class Counsel's intention to seek attorneys' fees and expenses and compensation for the named Plaintiff; (d) each Class Member's right to exclude him or herself from the Settlement Class; and (e) each Class Member's right to object to the proposed settlement and to Class Counsel's application for attorneys' fees and expenses.

7. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the notice to the class was adequate.

8. The Court finally approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases, and other terms as fair, just, reasonable, and adequate as to all Class Members and Released Parties. Class Members and Released Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

9. The Court finds that the requirements set forth in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), have been satisfied with regard to Class Counsel's motion for attorneys' fees and expenses.

10. The Court has considered the Parties' submissions and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiff initiated the litigation, acted to protect the Class, and assisted her counsel. The efforts of Class Counsel have produced the Settlement Agreement, which was entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class.

11. Class Counsel, the Weston Firm and the Law Offices of Ronald A. Marron displayed competence and diligence in the prosecution of this action, and their requested rates are approved as fair and reasonable.

12. The time expenditure of 1,513.9 attorney hours, 8.2 law clerk hours, and 1,251.3 paralegal hours by the above was reasonable.

13. While Class Counsel's lodestar amount of $1,017,472.50 was based on a reasonable time expenditure and reasonable rates, as a term of settlement Plaintiff agreed to seek no more than $410,000 in fees and expenses. Thus, the Court awards The Weston Firm and The Law Offices of Ronald A. Marron fees and expenses of $410,000.

14. Plaintiff Kelley Bruno is entitled to receive an incentive award of $8,000.

15. All of the Released Claims are dismissed with prejudice as to the Class Representative and all Members of the Settlement Class.

16. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class, and Defendants for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment and to resolve any and all disputes that may arise thereunder.

17. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fault, wrongdoing, or liability.

18. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. Final Judgment in this action is hereby entered. All claims asserted by Plaintiff in this Litigation are dismissed with prejudice.

DATED: March 13, 2013

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE